## ELLIS v. MODERN MOSAIC TEMPLARS OF LOUISIANA.

### No. 4600.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

Joel L. Fletcher, of Colfax, for appellant.

Robert Roberts, Jr., of Shreveport, for appellee.

DREW, Judge.

On October 22, 1917, the Mosaic Templars of America issued a policy of insurance to Maurae Ellis on her life in the sum of $300. The premium on said policy was $2.25, payable quarterly on or before the 10th day of March, June, September, and December. She made beneficiaries under said policy Laura Ellis and J. H. Ellis, Jr., her mother and son. It is admitted that she was in good standing and the policy was in effect up until June 10, 1932; all dues having been paid until that time. Maurae Ellis became sick on June 9, 1932, and died on July 5, 1932.

The defendant, a fraternal mutual benefit organization, was divided into the National Grand Temple and the subordinate lodges, which are known as temples, chambers, and palaces. Maurae Ellis was a member of the Progressive Chamber, located at Colfax, La. She became sick on the second day before the expiration of the due date of her dues or premium. Her nephew paid her dues on July 3, 1932, to the proper officer to receive them for the Progressive Chamber. At the time her dues were received by the subordinate lodge, this officer had knowledge that she was sick. She, on July 5, 1932, made out a return to the Grand Lodge and sent in the dues of Maurae Ellis. The report contained no other name than hers, and was received by the Grand Lodge and a duplicate receipt returned to the officer of the Progressive Chamber. The duplicate receipt shows it to have been received July 6, 1932, the day after the death of Maurae Ellis.

There was no return of the money by the Grand Lodge and no inquiry of any kind made until the proof of death reached it on September 1, 1932. It then wrote the officer of the Progressive Chamber inquiring why she had accepted the money from Maurae Ellis knowing she was sick. It refused to pay the death claim, and one of the beneficiaries filed this suit alleging that at the time of the death of Maurae Ellis she was in good standing in the Progressive Chamber, and that the insurance policy was in full force and effect.

The defense is that the policy was void after June 10, 1932, for nonpayment of dues, and that under the provisions of the constitution and by-laws, which the policy makes a part thereof, the officer of the subordinate lodge was prohibited from accepting the dues after June 10, 1932, and from binding defendant; that the only way the policy could have been reinstated after that date was by accompanying the dues with a certificate as to the health of the member, which was not done. It tendered a return of the $2.25 received by it on July 6, 1932.

The lower court rejected plaintiff's demands, and she has appealed.

The policy contains the following clause: "The certificate, the charter, or articles of incorporation, the constitution and laws of this society, and the application for membership, signed by the applicant, and all amendments thereof, shall constitute the agreement between the society and the member."

The policy also contains the following clause: "I further agree that should I fail to pay my endowment, burial tax or monument tax, whenever demanded by the National or State officers of the Mosaic Templars of America, then this policy shall be-

come void and of no effect whatsoever. * * * "

This policy was taken over by the defendant therein and all rights and liabilities of the original insurer assumed by this defendant.

The policy also contains the following clause: "Should the insured mentioned in this policy remain non-financial or fail to pay State or national tax for three months or one endowment tax on or before the tenth day of the first month of any quarter or the burial or monument tax, then this policy is void and the insured can only be reinstated as a new member."

In the constitution and by-laws of the organization we find the following in section 4 of law 1: If the insured dies after four years from the issuance of the policy, her beneficiaries shall receive the face value of the policy, "provided, however, that the deceased member died financial with his or her local Temple or Chamber, in all departments of the Order, having paid all assessments, dues and taxes of every character whatsoever. Should the deceased member be non-financial at his or her death, in either of the departments, then the Grand Temple shall not be liable to the beneficiaries in any sum whatever. * * * "

Law 2 is as follows:

"Members, to keep alive their policies and maintain the rights of their beneficiaries from the Modern Mosaic Templars of Louisiana, must during their lifetime, pay all of their dues and other taxations as designated in the laws of their local Temples, Chambers and Palaces, Grand Temples and all laws in force or that hereafter may be in force."

Law 3 is as follows:

"The policies of the Order shall be paid at the death of any member of this Order holding a policy duly issued by the Grand Temple of the Modern Mosaic Templars of Louisiana, and in full force and effect at the time of his or her death, and who was sound in mind and body at the time of his or her death or initiation, and was not subject to any complaint that caused them to be a burden to the Temple or Chamber, either to the Grand Temple and during membership paid all of their dues, taxes and assessments as required by these laws, or laws that hereafter may be enacted, upon satisfactory proof of such death, the Grand Temple shall pay each claimant such sum as is designated in his or her policy."

And law 6 is as follows:

"Any member being non-financial with their subordinate Temples or Chambers or Grand Temple will be considered non-financial and neither he or she, nor his or her beneficiaries shall receive any benefits, from the Grand Temple; and no local Lodge or Temple, or officer thereof shall have power or authority to receive any dues or assessments, or render any such delinquent member in financial standing, unless said member shall comply with the requirements hereinafter contained in the General Laws respecting the reinstatement of delinquent certificate, and no such dues, or assessments received by such local Lodge, or Temple, or Officer thereof shall be deemed a waiver of this provision."

Law 10 is as follows:

"Members of Temples and Chambers of the Modern Mosaic Templars of Louisiana are hereby declared financial; provided their endowments, assessments or contributions as prescribed by law are paid on or before the 10th day of each month in advance, burial, state and temple tax, and who pay such other assessments and taxes as may be levied by their local Temples and Chambers."

And law 11, § 2, is as follows:

"Any member paying assessments more than ten days after the same are due does so at his or her own risk, and the same shall not render the delinquent member, so paying, in good standing, unless same shall have been specially accepted by the office of the State and Endowment Secretary-Treasurer ratifying the action of the local Lodge, or Temple, or officers thereof in accepting such overdue assessments."

Maurae Ellis died with heart disease, and, under law 16, she was not eligible for reinstatement after she became sick on June 9, 1932.

Law 20 reads as follows:

"The brothers and sisters in a Temple and Chamber or Palace shall be known as financial, non-financial, suspended and expelled. Any brother or sister who is three months in arrears shall be declared non-financial. Any brother or sister who shall have committed any offense which may cause his or her expulsion, or whose dues may be more than three months in arrears, or fails to pay one assessment of the Grand Temple Burial and State and Temple Department, shall be declared expelled."

Law 23 reads as follows:

"When delinquent members are in arrears one-quarter they shall not be eligible for any benefits from any departments of the Order, but if they desire to reinstate their certificates, such delinquent members shall send all endowment assessments that are due together with a doctor's certificate showing soundness of mind and body on or before the 10th day of the first month of the succeeding quarter. If such delinquent members allow their endowment to remain unpaid after three months, such delinquent members shall only be reinstated as a new member, and shall send in a doctor's certificate, the endowment assessment for the month in which they

310

are reinstated and. fifty (50) cents for a new certificate."

Law 47 is as follows:

"Dues are payable at fixed and stated times, and, receipts of the same shall only pay for the month to which they are credited, and the member shall be non-financial for all other months. And if dues are received in any month subsequent to the one in which they are due, the acceptance of the same shall not render the member financial.

"2. When a member is non-financial for any month, his or her benefit lapses, and he or she cannot recover any benefit, and this notice to the Secretary shall be notice to the member."

It can be readily seen from the above quotations from the policy that its meaning is very indefinite and uncertain as to when the policy would become void. The policy itself in its face provides for failure to pay after demand. There is no contention that any demand was ever made by the Progressive Chamber on Maurae Ellis or that the National Temple ever made any demand on the Progressive Temple for the payment due by Maurae Ellis on June 10, 1932.

Section 4 of law 1 provides that, if the deceased becomes nonfinancial with her local chamber, her policy shall lapse.

Law 2 provides that, for members to keep their policies alive, they must during their lifetime pay all dues and other taxes designated by the local Lodge and the Grand Temples and. National Grand Temples.

Law 3 provides for payment of the policy if the member was in sound mind and body at the time of death or initiation and the policy was in effect at her death. Unless one was killed in an accident, it seems strange that she could be sound in mind and body at her death.

Law 6 provides that, where a member is nonfinancial with the local lodge, she shall be nonfinancial with the National Grand Temple; and law 10 provides that a member is financial provided her endowment assessments and contributions, as prescribed by law, are paid on or before the 10th day of the first month of each quarter, beginning September 1, December 1, March 1, and June 1.

Section 2 of law 11 provides that any member paying assessment more than ten days after due does so at her own risk. There is nothing stated about paying endowments or assessments or taxes after ten days after same are due.

Law 20 provides that a member of a chamber shall be known as nonfinancial who is three months in arrears with her payments, and shall be denied the right of benefit of death or other policies.

Law 23 provides that, when a member is in arrears one quarter, she shall not be eligible for any benefits from any department, and, if she allows her endowment assessments to remain unpaid for three months, she can only be reinstated then as a new member.

Law 47 provides that dues shall only pay for the quarter to which they are credited; and section 2 of this law clearly provides for a notice to the secretary of the local chamber of the nonfinancial standing of a member, before she is held to be nonfinancial.

Whenever an insurance contract is ambiguous, it must be construed liberally in favor of the insured, instead of the insurer, who has confected the contract. And under the policy, constitution and laws of the defendant organization, we do not have to be liberal to hold that the deceased, Maurae Ellis, at the time of her death, was not nonfinancial, and therefore her policy has not lapsed. She was not three months in arrears with her payment of dues, endowment assessment, or taxes, and there had never been any demand made on her for payment. At the time of her death, she was in good standing with the Progressive Chamber. No notice had been given the chamber that she was nonfinancial, and in fact there is no evidence in the record to justify our holding the policy to be null or void, under any of the provisions of the policy and laws of the defendant order, other than the provision that she must pay her endowment assessments, etc., not later than the 10th day of the first month of the quarter, which is in conflict with the other quoted provisions providing for demand, notice, and allowing her to be in arrears three months before becoming nonfinancial.

The burden of proof was on the defendant to prove forfeiture of the policy, and it has failed to sustain that burden. We therefore find the policy of insurance to have been in effect at the time of Maurae Ellis' death.

The judgment of the lower court is erroneous and will have to be reversed. The policy on its face shows two beneficiaries, viz. Laura Ellis and J. H. Ellis, Jr. Only Laura Ellis has sued. Her interest in said policy is only one-half. There is no explanation as to why the other beneficiary did not sue. With that we are not concerned.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is reversed, and there is now judgment in favor of Laura Ellis and against the Modern Mosaic Templars of Louisiana in the sum of $150, with 5 per cent. per annum interest from judicial demand until paid, and for all costs of court.