This is a suit by an insured against an insurer on what is known as a "combination automobile policy". The plaintiff alleges that his automobile was damaged to the extent of $490.78 as the result of a fire in the motor. He sues for the cost of a new motor, $490.78, plus 25% of that amount together with interest from judicial demand and a reasonable attorney's fee.
The defendant insurance company denied liability on the ground that plaintiff's loss was not caused by fire, but by a mechanical breakdown which was not within the coverage of the policy.
There was judgment below in defendant's favor and plaintiff has appealed.
On July 4, 1944, plaintiff together with his wife and two small children, and three guests, left the City of Houston intending to drive to New Orleans. When he reached a point on the Airline Highway about 20 miles from LaPlace, Louisiana, he smelled smoke, stopped his car, turned off the ignition and raised the hood, whereupon he saw flames shooting up from the motor. He attempted to extinguish the fire by throwing water on it, but without success. He then secured some large bath-towels from the rear of the car and smothered the flames. He then tried to start the engine, but could not do so. The car had to be towed to New Orleans, where it was repaired at a cost of $490.78. The defendant in denying liability takes the position that the damage to the motor was caused by a mechanical breakdown. In other words, due to the lack of proper lubrication the connecting rod attached to the engine became loose and knocked a hole through the side of the motor block.
It is conceded that if the damage to plaintiff's automobile was caused by fire as he alleges, there could be no question of defendant's liability. However, the record fails to establish plaintiff's claim to that effect. All of the experts who testified agree that it was due to a mechanical breakdown as claimed by the defendant. Whether the breakdown was due to lack of oil or not seems doubtful, but the fire does not appear to have been a factor. The question for determination, therefore, is whether the policy sued on covers damage due to a mechanical breakdown. *Page 358 
As we have said, the policy is what is known as a "combination automobile policy" and, among the coverages included, is what is known as "comprehensive". To quote from the policy: "Coverage C — Comprehensive. To pay for loss of or damage to the automobile due to any cause except collision or upset. For the purpose of this coverage it is understood that damages caused directly by tornado, cyclone, windstorm, hail, any falling object and damage resulting from theft, breakage of glass, earthquake, explosion, riot, insurrection or civil commotion, shall not be deemed a loss caused by collision or upset."
It will be noted that this coverage is denominated as "comprehensive" and includes any loss or damage to an automobile due to any cause except collision or upset and then proceeds to qualify upset so as to exclude from the exception upsets due to certain causes. There is, however, another clause in the policy under the heading "Exclusions" which declares that this policy does not apply: "(1) Under coverages C, D, E, F to (1) depreciation, mechanical or electrical breakdown, wear and tear, freezing, or loss of tools or repair equipment, unless as a direct result of a theft or wrongful conversion, covered by this policy, of the entire automobile, or * * *".
[1] Counsel for defendant contends that the exclusions are intended to qualify the comprehensive coverage so as to add other exceptions besides collision and upset, among them mechanical breakdown. There is no doubt that the language of the exclusion clause so declares. Opposing counsel concedes this point but invokes the familiar rule of construction to the effect that contracts, when ambiguous, must be construed against those who write them as, for example, the insurer in the present instance.
[2, 3] In Paragraph "C" there is no exception to the coverage of the policy except collision and upset. No reference is made to any other part of the policy to which an insured might look for further exclusions or qualifications of the coverage, so that if this paragraph stood alone, the policy could not be the subject of but one interpretation. It would cover every damage to an automobile except such as is caused by collision or upset. Moreover, it is called "comprehensive", which means extensive or embracing much. In the exclusion clause we find that there are several other exceptions to the coverage not mentioned in paragraph "C", so that the effect is ambiguous, contradictory and misleading. In Coverage "C" the insurer assumes the risk of all damage to the insured's automobile from "any cause" except collision and upset and in the exclusion clause there is contained a denial of this comprehensive coverage because of other exceptions which render the coverage much less comprehensive.
In Corporation of Roman Catholic Church of Eunice v. Royal Insurance Company, 158 La. 601, 104 So. 383, it was said all provisions tending to work a forfeiture should be construed most strongly against the insurer, and a contract of insurance prepared by an insurance company will be construed liberally as against the insured and strictly as against the company.
In Mutual Life Insurance Company of New York v. Hurni Packing Company, 263 U.S. W, 174, 44 S.Ct. 90, 91, 68 L.Ed. 235, 31 A.L.R. 102, the United States Supreme Court said: "The rule is settled that in case of ambiguity that construction of the policy will be adopted which is most favorable to the insured. The language employed is that of the company and it is consistent with both reason and justice that any fair doubt as to the meaning of its own words should be resolved against it." See, also, Parker v. Provident Life Accident Insurance Co.,178 La. 977, 152 So. 583; Ellis v. Modern Mosaic Templars of Louisiana, La. App., 149 So. 308; Perrodin v. Thibodeaux, La. App., 191 So. 148.
In a supplemental brief counsel for the defendant insurance company call our attention to the fact that in the policy sued on there is the following statement in the first paragraph of the insurance contract: "* * * (the insurer) does hereby agree with the insured named in the declarations made a part hereof, in consideration of the payment of premiums, and of the statements contained in the declarations, subject to the limits of liability, exclusions, conditions and other terms of this policy".
They argue that this language must be read in connection with every clause in the policy. It must be conceded that the paragraph referred to is clear enough and it contains a statement to the effect that the liability of the insurer is limited by the exclusions contained in the policy. Nevertheless, *Page 359 
there is no such intimation in paragraph "C", which contains no reference to any other exclusions than those mentioned in that paragraph — collision and upset. The result, therefore, is, in our opinion, ambiguous.
Reliance is placed upon the case of American Manufacturing Company v. National Union Fire Insurance Company, 203 La. 515,14 So.2d 430, 434, where a contract of sprinkler leakage insurance was considered by the Supreme Court. In the coverage clause of the policy under consideration there, there was contained the following, "except as herein provided" and the Court held that that exception related to the only other appropriate provision in the policy, which was the "hazards not covered" clause. For example, the court said: "First, we note the phrase 'except as herein provided', immediately following the coverage clause. The coverage clause relates to but one hazard, sprinkler leakage, and the phrase 'except as herein provided' shows that there was some provision in the policy relating to, and qualifying, that clause — some provision setting out conditions or circumstances under which the insurer would not be liable for loss and damage caused by sprinkler leakage."
There is in the insurance policy in the instant case no such qualifying clause and nothing to indicate to one who reads the coverage clause alone that there is any other exception to the coverage other than collision or upset. We are of the opinion that the case relied on is not authority for the position taken by counsel.
[4] Counsel for plaintiff invokes Act 59 of the Extra Session of 1921 as authorizing the collection of 25% damages plus a reasonable attorney's fee, which they have sued for here. The Act relied on covers only fire and theft insurance and the loss sustained by plaintiff in this case is not due to fire or theft.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of Louis Hemel, plaintiff, and against the State Farm Mutual Automobile Insurance Company, defendant, in the sum of $490.78, with legal interest from judicial demand, and for all costs.
Reversed.