14623

MOORE v. WESTERN ASSURANCE CO. OF TORONTO, CANADA

(195 S. E., 558)

October, 1937.

*Mr. E. H. Henderson,* for appellant,

*Messrs. Kearse & Kearse,* for respondent,

March 1, 1938.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL.

This case involves the proper construction of an insurance contract. It comes to this Court on appeal of the insurer from a verdict in the sum of $191.12 directed in favor of the respondent by the presiding Judge, Hon. Arthur L. Gaston.

The contract of insurance provided for the payment by the insurer to the insured on the liability of the insured to others for loss or damage to lawful goods and merchandise caused directly by any of the perils enumerated in the contract, for which peril the insured may be liable as a private or common carrier under bills of lading or shipper's receipts while said goods or merchandise were loaded for shipment and in transit in or on automobiles or trailers operated by the insured.

Among the perils enumerated in the contract for which the appellant agreed to become liable was the following: "Overturning of the motor truck and/or trailer."

It seems that on February 14, 1937, respondent's truck was engaged in transporting a load of fruit from Florida to Orangeburg, S. C.; the fruit being consigned to one J. J.

Union, in the City of Orangeburg. The truck was proceeding along a highway surfaced with concrete, when there was a sudden congestion of traffic which necessitated the driver of the truck, in order to avoid a collision, to drive the wheels on the right side of the truck off of the concrete surface and onto the earthen shoulder of the highway. The earth of the shoulder was soft. The wheels on the right side of the truck sank down to the axles, a distance of two to three feet. This caused the load of fruit to shift its weight. The side boards of the truck were thereby broken, and a considerable portion of the fruit was precipitated to the ground and damaged.

No question is made in the appeal as to the amount of the loss. If appellant is liable at all under the terms of the contract, it is liable in the sum of $191.12.

Judge Gaston ruled as follows: "As to the overturning, the degree of overturning has nothing to do with it. A slight overturning is as much an overturning as a complete overturning."

And again: "The contract is in writing between these parties, and it is my duty to construe the written contract, and under my view of it the defendant would be liable for damages caused by an overturning such as occurred in this case."

We find ourselves in agreement with the rulings of the trial Judge.

In the case of *Parker v. Jefferson Standard Insurance Co.*, 158 S. C., 394, 155 S. E., 617, 618, this Court used the following language—quite applicable to the instant case: "In the construction of insurance contracts, it is vitally essential that the courts do not ignore the fact that the primary object of all insurance is to insure, and that, in cases of doubt, uncertainty, manifest ambiguity, or susceptibility of two equally reasonable interpretations, since the language used is the selection and arrangement of the insurer, such contracts must be liberally construed in favor of the insured." Citing a number of cases of this jurisdiction.

And in the case of *Peace v. Southern Life & Trust Co.,* 171 S. C., 102, 171 S. E., 475, this Court held that the words "necessarily confining one to bed" used in a contract of health insurance should be construed to mean "substantially confining one to bed."

It is therefore ordered that the judgment herein be, and the same is hereby, affirmed, and the exceptions overruled.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.