Radella *v.* Bankers Mutual Fire Insurance Company of Lancaster, Appellant.

Argued November 17, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and FINE, JJ. (ARNOLD, J., absent).

*John D. Ray,* with him *Reed, Ewing & Ray,* for appellant.

*Stewart P. McConnel,* for appellee.

OPINION BY DITHRICH, J., January 12, 1950:

John Radella brought this action in assumpsit against Bankers Mutual Fire Insurance Company of Lancaster, Pennsylvania, hereinafter referred to as the Insurer, on a policy issued to Radella covering loss by collision or upset of a tractor and trailer. The Insurer filed an answer to the complaint in which it averred that the equipment was not covered by the policy and that the damage was not caused by collision or upset as defined by the policy. When the case came on for trial the Insurer admitted that the equipment was covered by the policy and defended solely on the ground that the damage was not caused by "upset" as defined by the policy. At the close of plaintiff's case it moved for judgment of compulsory non-suit. The motion was overruled and the defense then rested, after entering into a stipulation as to the amount of damages. The court directed a verdict for plaintiff in the amount stipulated to be due and defendant then filed a motion for judgment n. o. v. From the refusal of its motion it has brought this appeal.

As stated in the opinion of the learned court below: "The facts are not in dispute. At the time of the damage, plaintiff's tractor and trailer were being used to transport fine slag from Midland, to Monaca, Pennsylvania. The trailer was equipped with hydraulic hoist by which the front end of the trailer was raised when unloading. The trailer reached its destination at Monaca, and the operator caused the front of the trailer to be raised on the hoist. All of the slag on one side slid out of the trailer. The slag was damp, and two or three tons of a twelve or fourteen ton load remained in the trailer. Because of the elevation of one end of the trailer and the uneven distribution of the load, the . . . [trailer] gradually tipped over until it rested on the ground.

. . . The damage was not the result of the trailer coming in contact with the ground."

Coverage B of the policy provides insurance against "Collision or Upset." The pertinent language is: "Coverage B—Collision or Upset. Direct and accidental loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile."

As stated by the learned court below: "The question . . . is whether or not the damage was caused by upset of the trailer. . . . Upset is one of the risks against which defendant insured. There is no limitation as to what kind of upset. Therefore, defendant insured against all upsets. Had the intention been otherwise, defendant readily could have provided for such contingency by the terms of the policy." The general rule of law as to the construction of an insurance policy is applicable. *Sack v. Glens Falls Insurance Co.*, 356 Pa. 487, 52 A. 2d 173; *Snader v. London & Lancashire Indemnity Co.*, 360 Pa. 548, 62 A. 2d 835.

In its brief "The appellant does not contend for one minute that an upset did not occur, nor does it contend that an upset must be of any particular degree, but appellant does maintain that though an upset was the end result of the happening here involved, the damage of which the appellee complains occurred before the upset, and not because of it." It is its contention, although it offered no evidence in support of it, that "the body of the trailer was lifted hydraulically to let the load of slag fall out; the normal way for slag to fall out is from both sides of the trailer bed in equal portions, but here the slag was allowed to run out of one side of the bed only until there remained in the bed, all on one side, approximately three tons of slag. This uneven distribution of the load put such pressure on the hydraulic arm on that side of the bed that it buckled and twisted, from

then on the bed of the trailer settled slowly to the ground twisting and breaking the bed as it moved. These facts lead to the logical conclusion that the improper method of unloading used by appellee's driver ·brought about the damage complained of and not the 'upset' of the vehicle as contended by the appellee."

It claims that the damage complained of was not a risk covered by the policy because of the following exclusion clause: "This policy does not apply: (d) under any of the coverages, to any damage to the automobile which is due and confined to wear and tear, freezing, *mechanical* or electrical breakdown, or *failure,* unless such damage is the result of other loss covered by this policy." (Emphasis added.)

It argues that "though it must be admitted that an upset of the vehicle was the end result of the negligent unloading, it was the latter which was the proximate or direct cause of the damage and not the upset." The Insurer might with as much reason and logic argue that "though . . . an upset of . . . [a vehicle] was the end result of the negligent . . . [operation] of the vehicle, it was the latter which was the proximate or direct cause of the damage and not the upset."

As stated by the learned judge of the court below: "Defendant contends that the upset was due to mechanical failure in that the hydraulic arm failed to support an uneven distribution of weight in the trailer. No evidence was offered to support the contention that mechanical failure caused the upset. . . . In the absence of testimony establishing that mechanical failure alone caused the damage, we cannot sustain defendant's contention. Under the provisions of the clause in question to preclude recovery, defendant must prove that the upset was due to *mechanical* failure. If the evidence supports the conclusion that the damage was 'the result of other loss covered by this policy', plaintiff is entitled to recover.

The exclusion of recovery for loss occasioned by mechanical failure is qualified. The policy allows recovery in the event of mechanical failure if the damage is the result of other loss covered by the policy. The conclusion is warranted that in this case the damage was the result of other loss covered by the policy—to wit, upset."

Judgment affirmed.