No. 38,426

Cris Ferguson, *Appellee,* v. Farm Bureau Mutual Insurance Company, Inc., *Appellant.*

(237 P. 2d 234)

Opinion filed November 10, 1951.

*E. E. Kite,* of St. Francis, argued the cause and was on the briefs for the appellant.

*D. H. Postlethwaite,* of St. Francis, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action on a policy which insured a truck against damages from various causes, among them being for accidental collision with any object, including accidental upset. Judgment was for the plaintiff. Defendant appeals.

The petition alleged the issuance of the policy; that while the truck was loaded with cattle it upset and was damaged. The petition contained some allegations as to promises made by the agent of defendant, not in point here.

To this petition the defendant filed a motion that the plaintiff be required to make his petition more definite and certain by stating whether the contract of insurance was verbal or in writing and if in writing that he attach a copy of the policy to his petition by stating the number of cattle in the truck and whether they were wild or gentle, and by stating what part of the truck struck the ground, which side struck the ground and whether it fell on its side or bottom-side up. This motion was sustained generally.

The plaintiff then filed an amended petition to which he attached a copy of the policy and in which he alleged that the truck was loaded with nine head of cattle weighing nine hundred pounds each

and were not regarded as wild; that the truck upset. The petition further alleged that the cattle began shifting from side to side and as a gust of wind struck the left side of the truck the cattle shifted to the right, upsetting the truck; that while the truck was overturning the weight of the cargo caused the truck box and stock rack to break loose from the truck and crash to the ground, throwing the cattle onto the ground on the right side of the truck and the sudden release of this weight caused the chassis to right itself and roll down the road.

The defendant moved to strike this petition because it did not comply with the order of the court. Before the court ruled, the plaintiff filed a second amended petition in which he alleged that as a strong gust of wind struck the left side of the truck the cattle shifted to the right front corner of the box; all of the left front wheels and the inside right dual wheel left the ground, the left side tilted sharply upward and the right side tipped downward; while it was so upsetting the truck box and stock rack struck the ground on the right-hand front corner of the box on the right side of the truck; either the weight and strain of the box, rack and cargo in the overturning position or the impact with the ground or the combination of the circumstances tore the box and stock rack loose, demolishing the box and rack and throwing the cattle to the ground on the right side of the truck; that the accident happened so quickly plaintiff did not know and could not state whether the truck box was torn loose before or after it struck the ground; that the bounce of the truck box striking the ground or the sudden release of the weight of the box and rack while the truck was in motion caused the chassis to right itself and roll down the road; plaintiff could not state whether the chassis struck the ground.

Defendant moved to strike this petition because it did not comply with the order of the court. This motion was overruled. Defendant then demurred to the petition because it failed to state facts sufficient to constitute a cause of action. This demurrer was overruled.

Defendant answered, admitting the issuance of the policy and that the truck was loaded with cattle on the day in question. The answer then alleged the truck box had six stringers running crosswise under the floor of the box; that approximately at two feet from each end of these stringers was a steel plate approximately six inches square; these plates were bolted to the stringers; the plaintiff caused the

chassis to be equipped with a hoist and caused the steel plates on the stringers to be spot-welded to the frame and beams of the hoist; that the spot-welding was inadequate and the cattle overloaded the truck and in making the turns on the winding highway the stock rack broke loose at the points of welding and threw the truck box and rack and cattle to the right side of the truck and the box rack was badly damaged; that after the box and stock rack broke loose at the points of welding and left the chassis the chassis then settled back on the road and did not overturn or upset. The answer then alleged:

"The breaking loose of said stock rack and truck box from said chassis at the points of said welding and the falling thereof to the ground and the damage thereof are all risks, hazards and mechanical defects not insured against and covered by said policy aforesaid, and the defendant is not liable for any of the damages claimed and set forth in the plaintiff's pleading."

The answer prayed that the plaintiff take nothing. The reply was a general denial.

A man who was with the driver at the time testified about the turns in the road and the cattle shifting. Amongst other things he testified as follows:

"Right before the accident occurred it happened so fast you did not know exactly what to do. While the truck was in the motion of turning over Kenneth was sitting higher than I was as we were turning over. As the motion was there, there was a jolt and the truck box touched the ground and tore it loose and the impact when the truck hit the ground righted the truck but the box tore loose."

Counsel for the defendant moved to strike the above as being contrary to the pleadings. This was overruled. On cross-examination this witness testified as follows:

"The cab did not lay flat on the ground. It was leaning not just a little. The box kept it from going over. The box went off before the chassis rolled down the road.

"Q. Yes. But what position was the cab in when the box went off the chassis? A. What degree I wouldn't know for sure but I imagine it was about a 45 degree. It was in the act of turning over."

The driver of the truck testified in part as follows:

"As they crossed the top of the hill the witness shoved into high and at the same time he says, 'The wind got me from the left side and it threw the truck to the right and I tried to bring it back and straighten it up and then all of the cattle went to the left and I straightened to the left and there is a big canyon there that we thought we was going to go down so we tried to get out of that, then they all went to the right again and that is where we tipped over and the

box hit the ground and tore loose and jarred us and threw us back on the wheels.

"Mr. Kite: We moved that 'tipped over' is in conflict and at variance with the pleadings.

"The Court: Overruled.

"Witness could not guide the truck just before the truck box came off.

"Q. Do you know whether or not any of the wheels were off the ground? A. The left rear wheels were off, the duals.

"The truck tipped quite a ways and witness was in middle of seat but still had his hands on the steering wheel. There was a jolt about the time the box came off and the truck came back on its wheels and rolled on a little and witness stopped it."

At the close of this evidence the defendant demurred to it. This demurrer was overruled.

The defendant proceeded to introduce evidence as to the manner in which the truck was constructed and other details, with which we are not concerned.

Defendant requested certain instructions and the court instructed the jury, all of which will be noted presently in this opinion.

The jury found for the plaintiff in the amount of $472.26 and then answered special questions as follows:

"1. Do you find that at the time and place of the accident that the plaintiff's truck was overloaded? Answer: No.

"2. Do you find that the truck box was welded to the hoist of said truck in an inefficient and defective manner? Answer: No.

"3. Had the cattle shifted or lunged to the right or east side of said truck just an instant prior to said accident? Answer: Yes.

"4. At what speed was said truck traveling at the time of the accident? Answer: Approximately 20 M. P. H.

"5. Do you find that any or all of the above things, or any combination of same, caused the truck box to break loose from the chassis? If not all of them, then state which ones. Answer: Yes—Cattle shifting.

"6. Do you find that anything else caused the said truck box to break loose from the chassis, either by itself or in conjunction with any of the above causes? If so, state what. Answer: Upset.

"7. Do you find that the truck as one entire unit upset or overturned? A. Yes.

"8. Do you find that the truck as a whole lost its equilibrium from an upright position before the truck box broke loose from the chassis? A. Yes."

The defendant filed a motion for a new trial on the ground the verdict was contrary to the evidence, misconduct of the jury, jury considered facts outside the record, misconduct of the plaintiff, accident or surprise, abuse of discretion of the court, erroneous rulings of the court, erroneous instructions, failure to give proper instructions, admission of improper evidence, refusal to admit

competent testimony, misdirections to the jury, verdict contrary to law, failure of the evidence to support the verdict, verdict was given under passion and prejudice, newly discovered evidence, verdict was procured by the corruption of the plaintiff, error of the court in overruling the demurrer of the defendant to the second amended petition of the plaintiff and error of the court in overruling the demurrer of the defendant to the evidence of plaintiff.

The defendant also filed a motion to set aside the answers to special questions 1, 2, 6, 7 and 8 because they were contrary to the evidence.

On the hearing of the motion for a new trial the defendant introduced a member of the jury who testified that during the deliberation of the jury and before they reached a verdict he told the other jurors of an accident he had while hauling some cattle with a pickup. When counsel asked him to state just what he told the jury the objection of counsel for plaintiff was sustained. The trial court then suggested that counsel for defendant make an offer of proof. Counsel for defendant stated that on account of the reluctance of the witness he could not make a very full offer. After some colloquy the objection of plaintiff was sustained.

Subsequently defendant filed a motion for a rehearing of its motion to set aside answers to special questions and for a new trial on the ground of error in overruling the original motions, error in rendering judgment for the plaintiff and against the defendant, error in sustaining objections to the testimony of the defendant offered to show misconduct of the jury, error of the court in excluding such testimony, error of the court in refusing to allow the defendant to make a showing by the testimony of a witness of what such conduct consisted.

On the hearing of this motion counsel for the defendant pointed out certain testimony of two witnesses for plaintiff and requested the trial judge to make a finding as to whether he believed such testimony. The judge states that he would not make any such finding but did approve the verdict. The trial court then overruled all motions and gave judgment for the plaintiff in the amount of $472.26 with interest.

The specifications of error are as follows:

"1. The court erred in overruling the defendant's Motion to Strike and Demurrer, filed April 25th, 1950.

"2. The Court erred in not including in its order, judgment and Journal Entry of March 22, 1950, and June 2nd, 1950, a judgment and holding that the language in the 6th paragraph of the Second Amended Petition to-wit,

'Said accident happened so quickly that plaintiff does not know and cannot state whether the truck box was torn loose from the truck before or after it struck the ground', in effect means that the truck box was torn loose from the truck before it struck the ground.

"3. The Court erred in overruling and not sustaining the demurrer of the defendant to the Second Amended Petition.

"4. The Court erred in admitting incompetent and irrelevant testimony.

"5. The Court erred in refusing to strike out incompetent and irrelevant testimony, and testimony contrary to the pleadings.

"6. The Court erred in that, after the plaintiff offered his evidence, in overruling the defendant's renewal of its demurrer to the Second Amended Petition of the plaintiff.

"7. The Court erred in overruling the defendant's demurrer to the evidence of the plaintiff.

"8. The Court erred in refusing to give proper instructions as submitted by defendant.

"9. The Court erred in not giving proper and sufficient instructions to the jury.

"10. The Court erred in giving improper, erroneous and insufficient instructions to the jury.

"11. The Court erred in overruling the defendant's amended motion for a new trial.

"12. The Court erred in overruling the defendant's motion to set aside questions and answers.

"13. The Court erred in sustaining the verdict of the jury.

"14. The Court erred in sustaining a verdict and answers contrary to the uncontradicted evidence.

"15. The Court erred in refusing to hear testimony concerning misconduct of the jurors.

"16. The Court erred in sustaining plaintiff's objection to the offered testimony of the juror, Gus Hilt, to show misconduct of the jurors.

"17. The Court erred in refusing to hear the offer of proof and testimony in support thereof, made through the juror, Gus Hilt.

"18. The Court erred in refusing to order and direct the witness, the juror, Gus Hilt, to make a full disclosure to the Court or counsel of defendant as to what he and other jurors said in the jury room to the other jurors about their accidents similar to the one in this case.

"19. Error of the Court in sustaining objections of plaintiff to such offer of proof.

"20. The Court erred in overruling the defendant's motion for a hearing.

"21. The Court erred in refusing to make a definite and certain statement concerning what he believed the testimony showed, and especially the Court's refusal to state whether or not he believed the uncontradicted testimony of plaintiff's. witnesses that three wheels of the truck were on the ground at all times."

The defendant states the questions involved to be:

"1. Did the Court err in overruling the motion to strike and demurrer to the second amended petition?

"2. Did the Court err in giving improper and insufficient instructions and in refusing to give proper and sufficient instructions to the jury?

"3. Did the Court err in admitting certain testimony and in refusing to hear certain testimony?

"4. Did the Court err in overruling the renewed general demurrer and the demurrer to the evidence?

"5. Was there an upset of the truck either legally or under the terms of the policy?

"6. Was the verdict of the jury contrary to the law and to the facts?

"7. Did the Court err in overruling the motion for a new trial and the motion for a rehearing?

"8. Did the Court err in refusing to hear the testimony of the juror, Gus Hilt?

"9. Did the Court err in refusing to make a positive statement as to what he believed from the uncontradicted testimony?"

Defendant argues his first three specifications together, that is, that the trial court erred in overruling his motion to strike and his demurrer to plaintiff's second amended petition, in not holding that the language in the sixth paragraph of the second amended petition "that said accident happened so quickly that plaintiff does not know and cannot state whether the truck box was torn loose from the truck before or after it struck the ground" in effect means the truck box was torn loose from the truck before it hit the ground and in overruling the demurrer of the defendant to the second amended petition.

Defendant argues this question as though to "upset" as the term is used in the policy means that the truck bed and all had to come to rest on its side or upside down, as a unit, in order to come within the terms of the policy. We do not so read and construe the policy. Its terms are short and concise as follows:

"The coverage and limits of liability applied for by the insured are such coverage and limits of liability as set forth in this declaration, for which the insured has paid a cash premium, as indicated by the inserted amounts.

Then follows various items of coverage in brackets. Under 4 E the policy provides as follows:

"Accidental Collision with any object including Accidental Upset $10.00 deductible."

A paragraph on the back of the policy provides:

"AGAINST DIRECT ACTUAL LOSS OR DAMAGE to the body, machinery, equipment, and the extra parts of the motor vehicle described in said Declarations, excluding however, motor oil, gasoline and radiator solution, to an amount not exceeding the actual cash value of the motor vehicle or part at the time of the loss or damage if caused by:"

Also on the back are some eleven paragraphs of exclusions of liability, but nothing bearing on this situation.

The first petition stated that the truck was accidentally upset. It might be argued with some plausibility that defendant's motion to make definite and certain should have been overruled. At any rate, it was not and plaintiff finally pleaded in his second petition every fact for which the defendant had asked. The trouble with defendant is, it contends that to constitute an upset the truck must come to rest on the side or bottom side up as a unit. That is not the law. (See *Moore v. Western Assur. Co. of Toronto*, 186 S. C. 260, 195 S. E. 558; *Carl Ingalls, Inc. v. Hartford Fire Ins. Co.*, 137 Cal. App. 741, 31 P. 2d 414; *Jack v. Standard Marine Ins. Co., Ltd.*, 33 Wash. 2d 265, 205 P. 2d 351; also *Radella v. Ins. Co.*, 165 Pa. Super. 633, 70 A. 2d 407.

We will not hold an insured to the burden of proving with the nicety contended for by defendant just what degree or angle the truck was in at any particular time. To do so would result in defeating recovery under the plain and unambiguous terms of a policy.

Defendant next argues specifications 4 and 5 together. These have to do with the testimony of the driver of the truck and his companion. As heretofore noted in this opinion, these two witnesses testified as to the circumstances of the accident, about how the truck tilted when the weight of the cattle shifted and the bed and stock rack struck the ground; then the chassis righted itself and rolled on down the road. Defendant objected to this testimony and asked that it be stricken because it was contrary to the pleadings. It argues here that this was error. What has been said with reference to specifications 1, 2 and 3 applies equally to these two specifications, once we hold that it was not necessary for the entire truck to tip over and come to rest on its side before we would hold it was an upset within the meaning of the policy this evidence becomes competent.

Defendant next argues specifications of error 6, 7, 11, 12, 13 and 14. In these specifications the defendant argues again that the court erred in overruling its renewed demurrer to the second amended petition of the plaintiff, in overruling the defendant's demurrer to the evidence of plaintiff, in overruling defendant's amended motion for a new trial, in setting aside questions and answers and in sustaining a verdict and answers contrary to the evidence. The burden of defendant's argument on these points

is that the defendant's two witnesses, that is, the driver of the truck and his companion, testified as to some skid marks on the pavement which they saw immediately after the accident and as to the condition of the truck where the hoist was spot-welded from the truck. Defendant argues that this evidence showed conclusively that the accident was caused from the mechanical defect in this welding and not one of the hazards in the policy. This question goes back to the question of whether the defendant is correct in his argument in specifications 1, 2 and 3. On account of the conclusion we have reached as to those specifications, it is not necessary to consider these. It makes but little difference as to the condition of the welding. There was substantial evidence that the truck upset within the meaning of this policy.

Defendant next argues specifications 8, 9 and 10. Those relate to the instruction of the jury and instructions requested. The ininstructions requested by defendant were all based on the theory which we have demonstrated to be wrong. The court instructed the jury very fairly and fully as to the law in the case and there was no error therein.

Defendant next argues specifications of error 10 to 19. These have to do with the alleged misconduct of the jury. The defendant offered testimony on one member of the jury. He testified he told the jury about an accident he had once with a truck. The plaintiff's objection to other questions was sustained. The defendant for some reason did not care to make an offer of proof. We do not know from this record what the witness would have testified occurred in the jury room. We do not know whether the story he told would have influenced the jury for or against the defendant. Certainly no prejudice is shown by what is shown in the record.

The judgment of the trial court is affirmed.