YARRUT, Judge.
This appeal is from a judgment of the district court denying Plaintiff recovery of $1,800.00 under a Comprehensive Coverage Policy, for the loss of a truck destroyed under facts stipulated by the parties in their respective motions for a Summary Judgment, decided in favor of Defendant.
The provision in the policy that is in dispute provides:
“Coverage A — Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object *692 or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset.”
The facts are that one of a fleet of Plaintiff’s trucks was parked near the dock to steady a feeder line or hose attached to the truck through which molasses was being pumped into a ship moored at the dock. The moored ship, during the pumping, moved forward about thirty feet caused by another ship moving in the channel. As a result, the moving ship pulled the truck along and down the embankment on to the ship, resulting in the truck’s complete demolition.
The question is whether the destruction of the truck was due to a “collision” or an “upset,” under the above-quoted exclusion clause of the Comprehensive Coverage policy.
The meaning of “collision” and “upset” in determining whether a loss is covered by a policy covering “collision” or “upset” is generally held to include any occurrence resulting in a violent meeting of any object, whether mobile or immobile, that causes a meeting or contact with the insured vehicle, except those occurrences considered to be acts of God, such as hail, tornado, debris activated by hurricanes, and similar acts over which man has no control.
In Albritton et al. v. Fireman’s Fund Ins. Co., 224 La. 522, 70 So.2d 111, the court said that any attempt to restrict “collision” to specific types, i. e., involving other vehicles, cows, horses, trees, etc., is unacceptable.
In Barnard v. Houston Fire & Cas. Ins. Co., La.App., 81 So.2d 132, 54 A.L.R.2d 374, it was held that the striking of a truck by a tree which had been sawed down by workmen, was a “collision” within the collision or “upset” coverage of the automobile policy.
In Long v. Royal Ins. Co., Ltd., 180 Wash. 360, 40 P.2d 132, 105 A.L.R. 1423, a truck was stalled in water during very heavy rain. It developed that one stream was overflowing into another at this point of the highway, and the driver abandoned the truck. During the night the truck was washed into the mainstream of the river, vanished, and was never found. Held, the force of the water constituted a collision, and the destruction of the truck was not caused by the water, but by the destruction occasioned by the many impacts with the river bed as it was washed away.
In Harris v. Allstate Ins. Co., 309 N.Y. 72, 127 N.E.2d 816, as the insured drove into a deep puddle of water, the impact causing a bent tie rod, the damage was held to have been caused by collision.
In Teitelbaum v. St. Louis Fire & Marine Ins. Co., 296 Ill.App. 327, 15 N.E.2d 1013, an automobile parked in a vacant lot next to a building, was damaged when someone fell or jumped from the third story onto the car. Held, this was a collision.
In Freiberger v. Globe Indemnity Co., 205 App.Div. 116, 199 N.Y.S. 310, an automobile was driven into an elevator, causing the cables of the elevator to break and the elevator to fall into the pit, the automobile sustaining damage. It was held the automobile was damaged as a result of a collision.
In Espree v. Western Pioneer Ins. Co., 159 Cal.App.2d Supp. 875, 324 P.2d 749, a truck while unloading fill dirt, lost its equilibrium, and would have turned over except that one corner came to rest on the ground. This was held to be damage caused by “upset.”
*693 In Radella v. Bankers Mutual Fire Ins. Co. of Lancaster, 165 Pa.Super. 633, 70 A.2d 407, a trailer bed was lifted by a hydraulic hoist to unload slag. The load did not empty evenly, and caused the truck and trailer to overturn. This was held to be an “upset.”
In Proffitt v. Providence Washington Ins. Co., Tex.Civ.App., 234 S.W.2d 894, an automobile slipped off the edge of a bridge, requiring a wrecker to extrictate it. The wrecker could not extricate the automobile and turned it loose causing the car to fall further down and overturn. This was held to be an “upset” or “collision.”
In Hemel v. State Farm Mutual Automobile Ins. Co., La.App., 25 So.2d 357, the court reviewed the coverage afforded by Comprehensive Insurance, and while the holding did not give effect to a provision excluding mechanical breakdown, the court did indicate that if the accident had been caused by collision or upset, there would have been no coverage. In a concurring opinion, Mr. Justice McCaleb said, “The exception concerning collision and upset was obviously inserted as an exclusion * * * because insurance for collision and upset are treated separately under other coverage provisions and are the subject of an additional premium.”
The jurisprudence interpreting “collision” and “upset” specified in the exclusionary clause in the Comprehensive Coverage must be given the same meaning when these words are used in policies expressly insuring eo nomine “collision” and “upset.”
It would be contradictory and illogical to judicially hold that the definition of “collision” and “upset” has one interpretation in one policy excluding such coverage, and another definition in a policy including such coverage.
The judgment of the lower court is affirmed; Plaintiff to pay all taxable costs in both' courts.
Affirmed.