421 P.2d 155

Joseph C. DILLEHAY, Plaintiff-Respondent,

v.

HARTFORD FIRE INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 9854.

Supreme Court of Idaho.

Dec. 16, 1966.

Gigray, Boyd & Downen, Caldwell, for appellant.

Brauner, Fuller & Doolittle, Caldwell, for respondent.

SMITH, Justice.

Respondent seeks recovery from appellant of property damage to his 1963 Chevrolet two-ton dump truck covered by an insurance policy issued by appellant. Under the policy's coverage relating to "Collision or Upset," appellant agreed:

"To pay for direct and accidental ·loss of or damage to the ·automobile, herein-after called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount."

Respondent's truck was equipped with an ensilage bed of eight-ton capacity, activated for dumping by twin hydraulic pistons located beneath the bed. The pistons were spaced approximately thirty-six inches apart in the center of the truck frame. If the combined weight of the bed and load were evenly distributed between the pistons, the two pistons would be equally extended. The rear wheelbase, the principal support for the truck and its load, was approximately eight feet wide.

On September 12, 1963, respondent's brother, Douglas Dillehay, loaded the truck with wet, newly-cut corn ensilage and transported the load to an ensilage pit owned by one Ethredge Wood. The pit was shaped as a trench, approximately one hundred feet long and eight feet deep at its center point. A truck could be backed into the pit, the ensilage dumped, and then driven forward out of the pit.

Douglas Dillehay, after backing the loaded truck into the ensilage pit, braked the vehicle and unhinged the tailgate. He then raised the truck's ensilage bed as high as possible and started to drive the truck forward. At this critical point the truck's right front wheel dropped into a depression in the floor of the ensilage pit. The altered level of the truck caused the weight of the ensilage remaining in the truck to settle against the right-hand side of the bed. Then, with the weight of the load unequally distributed between the two hydraulic pistons, the right-hand piston became more depressed, as compared to the left, and excessive strain or pressure was placed on the truck frame and the subframe supporting the two pistons. This excessive pressure twisted the hoist and truck frame, which in turn caused a further shift of the ensilage load toward the right-hand side of the bed. The truck then tipped to the right, which caused its left front and

rear wheels to be lifted off the ground, and the truck came to rest against the side of the trench, splitting two or three boards in the bed.

The accident comprised a single, uninterrupted process, that is, a continued sequence of cause and effect from the time the right-front wheel dipped, to the moment of contact of the truck with the side of the trench. The driver was helpless to avoid the damages once the front wheel slipped into the depression.

The parties have stipulated the respondent's truck was damaged in the amount of $507.95. Appellant contends that the elements of the loss are separable, i. e., $414.20 damages to the frame and hoist, and $93.75 damages for the boards splintered on impact with the trench.

The trial court found that the entire measure of damages, $507.95, was proximately caused by an overturning process covered by the insurance policy and entered judgment accordingly for respondent. Appellant has appealed, contending that the damages to the truck frame and hoist apparatus preceded the upset and therefore were not proximately caused by the insured perils stated in the "Collision or Upset" coverage.

Appellant concedes that, by the time the vehicle struck the side of the trench, an upset within the coverage of the policy had occurred. The sole question is whether the upset proximately caused the damages to the truck frame and hoist.

An upset may occur, even though the insured vehicle does not completely overturn. Upset occurs when the vehicle loses its equilibrium. American Liberty Insurance Co. v. Moore, 276 Ala. 634, 165 So.2d 724 (1964); Espree v. Western Pioneer Ins. Co., 159 Cal.App.2d Supp. 875, 324 P.2d 749 (1958); Carl Ingalls, Inc. v. Hartford Fire Ins. Co., 137 Cal.App. 741, 31 P.2d 414 (1934); Ferguson v. Farm Bureau Mut. Assur. Co., 171 Kan. 679, 237 P. 2d 234 (1951); 11 Couch, Insurance 129 (2d ed. 1963).

In Jack v. Standard Marine Ins. Co., 33 Wash.2d 265, 205 P.2d 351, 8 A.L.R.2d 1426 (1949), an insured diesel caterpillar shovel, having a long crane boom projecting from the front end of the machine, was damaged as the result of the driver attempting to ascend an incline of some fifteen to twenty degrees. The boom had been raised to its highest position, at a seventy-five degree angle, when the shovel commenced ascending the incline. During the ascent the crane boom approached the vertical, then fell backward against the shovel's cab. The main weight of the machine came to rest against a counterweight at the rear, leaving the caterpillar's front treads approximately three feet off the ground. The Washington court held that the evidence showed an upset or overturning within the coverage of the policy:

"Once a vehicle loses its equilibrium and the overturning process has commenced and proceeded beyond the power of those in charge of the vehicle to stop its progress, it would be unimportant whether the vehicle turned over and over, rolling down a hillside * * * or came to rest a short distance above the horizontal or at any other angle. It should be held that the vehicle had overturned or upset, within the meaning and intent of such a policy." 33 Wash. 2d at 270, 205 P.2d at 354.

In Radella v. Bankers Mut. Fire Ins. Co., 165 Pa.Super. 633, 70 A.2d 407 (1950), the plaintiff attempted to dump a load of iron slag from the truck bed of a truck insured against upset, but only part of the load slipped out. The remaining slag, concentrated on one-half of the bed, placed a disproportionate pressure upon one hydraulic arm, causing it to twist and buckle under the strain. Although the vehicle then tipped over, the damage occurred before contact with the ground. The court held that an upset loss occurred entitling the plaintiff to recover under the upset coverage of the policy.

In Espree v. Western Pioneer Ins. Co., supra, the plaintiff backed his insured

truck into soft fill. He raised the hoist elevating the truck bed, but the weight of the load caused the right rear wheel to sink into the earth. "This put a strain on the frame and the weight of the load in the bed caused the frame of the bed to break and the bed itself fell or was twisted off to the right." Although the left wheels were lifted from the ground, the truck did not completely tip over because the right rear corner of the truck bed rested on the ground. The California court held that the damage to the truck frame occurred as a result of an upset and allowed recovery under the upset policy coverage.

The term "equilibrium" has been defined as follows: "The state of balance between opposing forces or actions, either static, as in the case of a body acted upon by forces whose resultant is zero * * *." Webster, New International Dictionary 864 (2d ed.1954). "A state of balance produced by the counteraction of two or more forces; equipoise * * *. The state of a body as acted upon by several counteracting forces that it has no tendency to move." Funk & Wagnall, New Standard Dictionary 842.

■ Respondent's vehicle lost its equilibrium, and the process of upsetting commenced at the moment the right front wheel slipped into the depression. Once the upsetting process began and progressed beyond the control of the driver, subsequent damages resulted from upset of the vehicle and were covered by the "Collision or Upset" coverage of the insurance policy.

■ Pursuant to the provisions of I.C. § 41–1839 and respondent's motion therefor, respondent is awarded the sum of $500.00 by this court as reasonable attorney's fees on this appeal. Heath v. Utah Home Fire Insurance Company, 89 Idaho 490, 406 P.2d 341 (1965); Farley v. Farmers Insurance Exchange, 91 Idaho 37, 415 P.2d 680 (1966).

The judgment appealed from is affirmed. The district court is directed to add the amount of attorney's fees herein awarded to respondent, to the judgment against appellant (defendant below).

Costs to respondent.

McFADDEN, C. J., and McQUADE, TAYLOR and SPEAR, JJ., concur.