HOBSON, Acting Chief Judge.
McCormick & Sons, Inc., appeals from a judgment in favor of Auto-Owners Insurance Company. Appellant contends that the trial court erred in interpreting the coverage provisions of an automobile insurance policy issued to the appellant by Auto-Owners. We agree and reverse.
On May 16,1977, a 1973 GMC dump truck owned by McCormick & Sons was transporting a load of wet limestone to a road building project. When the driver attempted to dump the load from the dump truck, the wet limestone came out of the truck unevenly. The load emptied from the righthand side of the dump bed first, leaving a disproportionate amount of wet limestone on the left side of the dump bed. This uneven distribution of the remainder of the load resulted in a loss of equilibrium, and the dump bed began to twist. The right rear hinge pin on the back edge of the dump body broke, and the dump body tipped over and came to rest on the ground. The dump truck itself remained upright.
The total cost of repairs to the truck was $5,241.60. The truck was insured by an automobile insurance policy issued by Auto-Owners, but Auto-Owners declined to pay for the damage, contending that the coverage provided by the policy did not extend to the damage suffered. McCormick & Sons filed suit against Auto-Owners; however, the trial court, sitting without a jury, agreed with Auto-Owners that the policy did not cover the damage to the truck. We find that the trial court erred in its interpretation of the policy.
The pleadings of the parties appear to confuse an otherwise clear issue. The policy issued by Auto-Owners provided property damage coverage under the collision coverage section for damage to the insured “automobile and its equipment caused by accidental collision with another object or by accidental upset.” [emphasis added] The policy expressly includes “trucks” within the definition of “automo *808 biles,” and the dump body on the dump truck comes within the policy definition of “equipment.” Since the truck and the dump body were within the coverage provision, the only question is whether the upset of the dump body in this instance falls within the coverage of “accidental upset” within the collision damage section of the policy. We find that it does.
Where the language in an insurance policy is unambiguous, it must be given its fair and natural meaning. Brown v. Lee County Mosquito Control Dist., 352 So.2d 116 (Fla. 2d DCA 1977). The term “accidental upset” is not ambiguous; accordingly, it should be given its normal and ordinary meaning.
In Roberson v. United Services Automobile Association, 330 So.2d 745 (Fla. 1st DCA 1975), the First District held:
Customarily, an accident is defined as an unexpected or unusual event; it,is something which happens by chance and without design; it is an event from an unknown cause.
The overturning of the dump body on the appellant’s dump truck can only be considered to be a fortuitous and unexpected event; therefore, the overturning of the dump body came within the accidental upset coverage provision of the policy.
An argument can be made that the insurance company, by including the accidental upset coverage under the collision section, merely intended to extend collision insurance to the situation where a moving car overturns but does not strike another vehicle or object. If so, the insurance company could have, and should have, made the accidental upset coverage contingent upon the upset happening while the insured vehicle was in motion. Since the insurance company chose not to limit the accidental upset coverage in such a manner, we decline to infer such a limitation.
The trial court’s verdict in favor of Auto-Owners is reversed. This case is remanded with instructions that judgment be entered in favor of McCormick & Sons on the liability issue, and that the trial court determine the appropriate amount of damages.
REVERSED and REMANDED.
BOARDMAN and OTT, JJ., concur.