Paul E. MASON, and Masco, Inc., a Utah Corporation, Plaintiffs and Appellants,

v.

COMMERCIAL UNION ASSURANCE COMPANIES, Defendant and Respondent.

No. 16947.

Supreme Court of Utah.

Feb. 6, 1981.

Scott Daniels, Salt Lake City, for plaintiffs and appellants.

B. L. Dart, John D. Parker, Salt Lake City, for defendant and respondent.

HOWE, Justice:

Plaintiffs appeal from a summary judgment dismissing their complaint against the defendant Commercial Union Assurance Companies.

The plaintiffs, Paul E. Mason and Masco, Inc., own and operate a 45 ton Warner Swasey hydraulic crane. They sought and obtained a contract of insurance from the defendant to insure against certain risks or perils which might result in damage to the crane. This agreement was contained in a "Contractors Equipment Floater" endorsement to a basic liability insurance policy issued by Commercial Union. On January 17, 1979, while the crane was being operat-

ed by an employee of Masco on a job site located at the University of Utah Medical Center, the telescoping boom gave way in the joint between the lowest and middle sections, apparently due to accumulated wear. Although the base of the crane, consisting of a large truck, remained stable and incurred no damage, the boom fell onto the structural steel supports of the building under construction causing damage to the building and the boom of the crane.

Commercial Union paid without objection a claim under the basic liability portion of the insurance contract for damages to the building. It refused, however, to pay for damage to the boom of the crane, claiming that the damage did not arise from any of the perils or risks insured against by its policy.

Both the plaintiffs and the defendant moved the trial court for summary judgments. The court entered summary judgment in favor of defendant and denied plaintiffs' motion. Plaintiffs seek a reversal of the trial court's order and request this Court to enter judgment in their favor on the issue of liability and remand for a finding on the issue of damages. In the alternative, plaintiffs ask for a reversal of the summary judgment and a remand for trial on all issues.

The policy of insurance here involved provides coverage only for losses arising from certain specified causes. To establish the liability of the defendant insurance company the plaintiffs must show that the damage to the crane was caused by a "peril" or "risk" that was insured against. An examination of the policy indicates that the only "peril" insured against that might be applicable to the facts of this case is that of "upset or overturning." Commercial Union asserts that there was no upset or overturning of the crane. Plaintiffs maintain that the damage to the boom of the crane is covered by the "upset or overturning" language of the contract and is within the contemplation of the parties.

The cases involving insurance policies covering damages caused by "upset or overturning" have concluded without exception that a complete overturning of the vehicle is not required, but only a loss of equilibrium of the vehicle beyond the point of recovery by its operator. *Dillehay v. Hartford Fire Insurance Co.*, 91 Idaho 360, 421 P.2d 155 (1966). *Reed v. Commercial Insurance Co.*, 248 Or. 152, 432 P.2d 691 (1967); Annot. 8 A.L.R.2d 1433 (1949). With this proposition we agree. Plaintiffs, however, urge us to go further and hold that there was here an "upset" of the boom even though the base of the crane did not tilt but remained stable. We do not believe that the parties in using the words "upset or overturning" contemplated that they be accorded any such unusual meaning. What happened here would more accurately be described in simple language as a "breaking off" or "snapping off" of the boom, not an "upset or overturning" of the boom.

Even the cases cited to us by the plaintiffs do not sustain such a contention. In all of them the base of the vehicle which rested on the ground upset and came to rest in an abnormal position as a result of loss of equilibrium. In *Hafey v. Paul Havens Company*, 14 Utah 2d 77, 377 P.2d 499 (1963), the house mover was insured against damage occasioned by an "overturning." While the house was being transported over a "tortuous route in mountainous country" one of the dollies and supporting wooden beams fell to an angular position and slid into a 12–14 foot barrow pit along with the house. In the case of *Jack v. Standard Marine Insurance Company*, 33 Wash.2d 265, 205 P.2d 351 (1949), a diesel crane with a shovel attached to the end of the boom was likewise insured against an upset or overturning. The crane was damaged while moving up an incline when the boom with the shovel attached swung back and tipped the crane over so that the rear end became embedded in the mud and the front end was raised approximately three feet off the ground. In *Dillehay v. Hartford Fire Insurance Co.*, supra, also cited by plaintiffs, the truck's right wheel dropped into a depression in the floor of an ensilage pit. The truck then tipped to the right, which caused its left front and rear wheels to be

lifted off the ground. The driver was helpless to control the equipment once the right wheel slipped into the depression. *Mercury Insurance Company v. Varner*, 231 S.W.2d 519 (Tex.Civ.App., 1950) is entirely dissimilar on its facts from the instant case.

The facts in the instant case are distinguishable from those cited by plaintiffs in that here it is undisputed that there was little or no movement of the base of the crane even though the telescoping boom broke and fell on top of the building. The deposition of the plaintiffs' employee who was operating the crane at the time of the accident reflects that there was no loss of equilibrium and therefore no upset or overturning.

Question: What sensations, what vibrations did you experience in the cab of the crane right before the boom broke?

Answer: Nothing before, and the only thing I felt was, when the boom came down, it hit the corner of the building, and it moved the crane a little.

There was no "upset or overturning" causing the boom to break and fall to the building. The equilibrium of the crane was not disturbed in any way so that it could be said to have been upset or overturned.

Where the terms of a contract have a particular meaning and there is no room for uncertainty in the light of the evidence which is produced, then the trial judge may rule on the interpretation of the contract as a matter of law. *Overson v. United States Fidelity and Guaranty Company*, Utah, 587 P.2d 149 (1978); *Petty v. Gindy Manufacturing Corporation*, 17 Utah 2d 32, 404 P.2d 30 (1965). We have examined the contract of insurance and have determined that there is no error in the trial judge's interpretation.

Having concluded that the damage sustained by plaintiffs does not come within the perils insured against, it is unnecessary to consider the further contention of defendant that the damage is not covered under the policy because of the "wear and tear" exclusion.

The judgment below is affirmed. Costs to defendant.

MAUGHAN, C. J., and HALL, STEWART and OAKS, JJ., concur.