FOREST TREE SERVICE, INC., Plaintiff-Appellant, v. ILLINOIS FARMERS INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—86—0149

Opinion filed December 16, 1986.

David A. June, of Joliet, for appellant.

D. Kendall Griffith, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (H. Anne McKee, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

This appeal arises from a claim for damages submitted by the plaintiff, Forest Tree Service, Inc., to its insurance carrier, Illinois Farmers Insurance Company, the defendant. The defendant denied coverage for the property loss, which occurred when the plaintiff, a tree trimmer, was pruning a tree and the boom on the crane bent and collapsed.

The basis for the defendant's denial of coverage was that its policy only insured the vehicle for loss caused by collision, including the

"upset" of the vehicle. The trial court agreed with the defendant's interpretation that the term "upset" was inapplicable to this incident.

The plaintiff argues that the trial court erred in finding that the vehicle did not upset. We affirm the judgment below.

The insurance policy defines "collision" as: "collision of the automobile with another object or with a vehicle to which it is attached, or *upset of the automobile*." (Emphasis added.) The "automobile" insured under this policy was a 1961 Dodge flatbed truck equipped with a six-ton crane. It is undisputed that if coverage is to extend to the loss in question, it must be under the "upset" provision, since the truck did not collide with another vehicle or object.

Also undisputed is the following account of the accident. The crane was being used to remove a 25-foot-long, 900-pound limb from a tree. The limb had become entangled with other tree branches, and when the crane eventually pulled it free, the limb suddenly swung out. The weight of the limb caused the boom of the crane to bend and collapse.

With the sudden release of the limb, the truck "bucked" or bounced up 24 inches, at most. Although the outriggers on the sides of the truck may have left the ground, no witness actually saw them do so. The truck body itself never overturned, and the vehicle was able to be driven away after the accident.

The plaintiff's employee, Steve Avery, witnessed the accident. He testified that the bucking motion of the truck is common when the boom is holding a lot of weight or it jerks suddenly. The purpose of the outriggers is to stabilize the truck because there is "almost always a little bit of sway."

The only Illinois case cited to the court by the plaintiff for an interpretation of the meaning of the term "upset" is *Sell v. Country Mutual Insurance Co.* (1960), 23 Ill. App. 2d 497, 163 N.E.2d 547. In that case, the court held that the defendant's policy covered the damages which resulted from a dump-bed trailer overturning due to an unbalanced load. The court focused on the policy's failure to place any limit on the cause of the upset, as long as it was accidental.

The issue before us concerns neither the cause of the loss nor its accidental nature. Rather, it is a question of what constitutes an upset. The defendant suggested to the trial court that according to the natural meaning of the term "upset," there must be an overturning or tipping over.

However, the plaintiff points to the fact that in *Sell*, the court

held that the policy applied even though only the trailer bed over-turned, not the entire truck body. (See also *Leon D. McCormick & Sons v. Auto-Owners Insurance Co.* (Fla. App. 1980), 382 So. 2d 807.) Thus, the plaintiff submits that the collapse of the equipment attached to its truck is sufficient to constitute an upset, even though the truck, itself, remained upright.

■ The trial court ruled that, nonetheless, this accident did not constitute an upset. It concluded that for an upset within the meaning of the policy to occur, something must take the vehicle out of the op-erator's control. This interpretation appears to be consistent with the weight of authority from other jurisdictions that have addressed the issue.

It is the general rule that an upset occurs once a vehicle loses its equilibrium and the overturning process proceeds beyond the power of those in charge of the vehicle to stop its progress. See *Mason v. Commercial Union Assurance Co.* (Utah 1981), 626 P.2d 428.

■ The trial court found that the operator in the present case never lost control of the plaintiff's vehicle and that the bucking of the truck was no more than would be expected in the normal operation of the equipment. Therefore, it concluded, the failure of the boom was not caused by an upset.

We find that the trial court's judgment is supported by the evi-dence. The testimony established that the bucking or bouncing move-ment of the truck was not sufficient to cause any loss of equilibrium. Furthermore, there is no evidence upon which to conclude that the truck's movement caused the failure of the crane. The evidence is more than ample to support the inference that the boom collapsed due to the sudden release and the weight of the tree limb.

■ The trial court noted in making its ruling that the plaintiff had presented no evidence that the damage was not due to metal fa-tigue or stress or some cause other than the alleged upset. The plain-tiff asserts that the trial court's remark showed that it placed an im-proper burden of proof upon the plaintiff. We disagree.

A review of the record makes it clear that the judge's decision was based upon his determination that the facts did not establish that an upset had occurred. The record also reflects that the plaintiff's truck was 21 years old at the time of the loss and that the limb weighted approximately 900 pounds. Therefore, in the absence of evi-dence of any upset of the vehicle, the natural explanation for the col-lapse of the boom is the failure of the equipment itself, particularly given its age. The court's speculation that this may have been the rea-son for the damage does not impair the soundness of its finding that

the plaintiff failed to prove that there was an upset of the vehicle.

Therefore, we find that the decision of the circuit court of Will County is supported by the manifest weight of the evidence. Accordingly, we affirm.

Affirmed.

SCOTT, P.J., and HEIPLE, J., concur.