## MONTICELLO INSURANCE COMPANY v SOUTHERN IMAGING AND X-RAY, INC., etc., et al.

Case No. 90-2345-CA-17-E

Eighteenth Judicial Circuit, Seminole County

November 6, 1990

## OPINION OF THE COURT

O. H. EATON, JR., Chief Judge.

### SUMMARY JUDGMENT

This is an action for declaratory judgment filed by Monticello Insurance Company for the purpose of determining whether or not Monticello's policy of insurance covers liability for injuries sustained by Mary E. Barwick while she was being treated as a patient at Humana Hospital in Indian River County. Monticello has moved for summary judgment.

A copy of the complaint filed by Mary E. Barwick is on file with the court. It alleges that Ms. Barwick was injured during the course of diagnostic testing described as a four vessel cerebral angiogram. The injury was caused when certain machinery and equipment "broke down

and became inoperable" during the test. The machinery and equipment were the subject of a maintenance contract between Humana Hospital Corporation and Southern Imaging and X-Ray, Inc. Southern Imaging was insured by Monticello. The insurance contract acknowledges that Southern Imaging is in the business of installing and maintaining X-Ray equipment and the premium was paid for manufacturers' and contractors' liability insurance. The contract contains the following definition:

"completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed;

(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or;

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of:

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof;

(b) the existence of tools, uninstalled equipment, or abandoned or unused materials, or;

(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

It also contains the following exclusion:

180

(p) to bodily injury or property damage included within the completed operations hazard or the products hazard.

Monticello claims that the exclusion is clear and, since the "operations" were complete at the time that Ms. Barwick sustained her injuries, there is no coverage. However, the case law that has developed in this area seems to point in the direction of providing coverage rather than excluding it.

There are some basic principles that must be considered when construing the provisions of an insurance policy. If the provisions of the policy are unambiguous, courts are to apply the plain meaning of the words and phrases used in the policy and not rewrite it or add meaning to it. *Leon D. McCormick and Sons, Inc. v Auto-Owners, Inc. Co.,* 382 So.2d 807 (Fla. 2d DCA 1980); *National Union Fire Ins. Co. of Pennsylvania v Carib Aviation, Inc.,* 759 F.2d 873 (11th Cir. 1985). On the other hand, if language in a policy is unclear or confusing, it should be construed against the insurer and in favor of the insured. *Ranger Ins. Co. v Bal Harbour Club, Inc.,* 509 So.2d 940 (Fla. 3d DCA 1985), *rehearing,* 509 So.2d 945, *quashed,* 549 So.2d 1005.

Additionally, there appears to be a duty on the part of the agent who sells the policy to an insured to provide coverage which is appropriate for the risk sought to be insured. *McNally v American States Insurance Company,* 308 F.2d 439 (6th Cir. 1962).

The policy in this case contains ambiguities. The cover sheet to the policy shows that Southern Imaging is in the business of installing and maintaining X-Ray equipment. It also provides coverage for "manufacturers' and contractors' liability insurance." It is not reasonable to believe that an insured who maintains x-ray equipment would seek coverage for bodily injury which would occur only during the time the equipment was actually being repaired. And the average businessman would be reasonable in assuming that the insurance agent would provide a policy which covered injuries which might occur between times when maintenance is actually being performed.

However, the ambiguities aside, the very essence of a maintenance contract is ongoing responsibility and performance. The "operation" of performance of maintenance does not end when the maintenance personnel leave the job. The "operation" ends when the contractual obligation to provide maintenance ends. *See, Bituminous Casualty Corporation v R & O Elevator Co., Inc.,* 293 So.2d 179 (8th Cir. 1961). Accordingly, viewing the policy as a whole and the nature of the business which was insured, the contract of insurance must be

**181**

construed to provide coverage for personal injuries such as those alleged in the complaint.

Interestingly, Southern Imaging has not moved for summary judgment. However, since there is no issue of fact involved here and since all parties have received the required notice and opportunity to be heard, summary judgment may be entered for the non-moving party. *Carpineta v Shields,* 70 So.2d 573 (Fla. 1954); *John F. Brennan Co. v Central Bank and Trust Co.,* 164 So.2d 525 (Fla. 2d DCA 1964); Trawick, *Florida Practice and Procedure,* 1989 Ed., Subsection 25-6.

IT IS ADJUDGED:

The policy of insurance issued by Monticello Insurance Company to Southern Imaging and X-Ray, Inc., a copy of which is attached to the complaint, provides coverage for the personal injuries alleged in the complaint styled Mark K. Barwick, et vir v Humana Hospital Corporation, Inc., etc., et al., a copy of which is also attached to the complaint.

ORDERED at Sanford, Seminole County, Florida, this 6th day of November, 1990.