387 P.2d 686

**Rulon R. WEST, Plaintiff and Appellant,**

v.

**Terry R. WEST and Flora E. West, Defendants and Respondents.**

**No. 9870.**

Supreme Court of Utah.

Dec. 27, 1963.

Fabian & Clendenin, Bryce E. Roe, Salt Lake City, for appellant.

Mark, Johnson, Schoenhals & Roberts, Salt Lake City, for respondents.

CROCKETT, Justice.

Rulon R. West sued his wife, Flora E. West, and their son, Terry R. West, for dissolution and accounting of a partnership by which they operated El Rancho Motel at 5203 South State Street in Murray, Utah, and for distribution of remaining assets. From a summary judgment against him, plaintiff appeals.

The parties embarked on this family enterprise in 1957. The plaintiff, Rulon R. West, advanced $47,500 to make a down payment on the motel, and $1,000 to be used as working capital. A somewhat comprehensive partnership agreement was executed. Some of its provisions have proved to be controversial, as will be seen below.

The son, Terry West, was to keep the books and manage the business. It did not prosper and it was necessary for the father Rulon to make further advances of money

between 1957 and 1960, which totalled another $100,000. Finally he brought this action.

The partnership agreement contained provisions purposed to take care of distribution of assets in the eventuality of termination. Paragraph 12 provided in part that,

"* * * If the partnership shall be determined or expire during the joint lives of the partners, then the partnership shall be wound up, and the *assets distributed* in the proportions set forth in paragraph 6 above hereof."

Paragraph 6 is as follows:

"The net profits of the business shall be divided between the partners in the following proportions: Rulon R. West, forty per cent (40%); Terry R. West, forty per cent (40%); and Flora E. West twenty per cent (20%); and the partners shall in like proportion bear all losses, including loss of capital."

The question underlying this controversy is what constitutes the "assets" to be distributed to the partners.

The trial court ruled in accordance with the defendants' contention that the father Rulon West had committed all of the monies he advanced as contributions to capital of the partnership, and that it was intended that they should become part of the business; and that they are therefore subject to distribution in the proportions stated. It is the father's position that the monies the partnership obtained from him were simply advances or loans to the partnership which were to be repaid; and particularly that this was true as to the advances made after the initial investment.

The defendants place reliance on paragraph 3 of the partnership agreement, which states:

"3. The capital of the partnership shall consist of the following property:

"(a) * * * A real estate contract, etc.

"(b) Any further sums which any partner shall with the consent of the other from time to time contribute for capital purposes which shall be credited to the capital account."

Defendants insist that the "further sums" advanced by the father Rulon West were intended for "capital purposes" and that they thus became part of the assets of the partnership and hence are distributable as such under the provision of paragraph 12 quoted above.

In opposition to the foregoing argument, plaintiff Rulon West points to a dissolution agreement executed by the parties March 30, 1960, paragraph 1 of which states:

"1. Elements and completion of winding up. The winding up of the partnership affairs shall consist of selling all real and personal property of the partnership, *paying all partnership liabilities (including liabilities to part-*

*ners),* and distributing the net assets of the partnership in cash to the parties hereto in the following proportions:

| | |
|---|---|
| Rulon R. West | 40% |
| Terry R. West | 40% |
| Flora E. West | 20%" |

The emphasized language shows plainly that some character of "liabilities to partners" was contemplated and that these should be paid before distribution of the net assets. Liabilities to partners could only mean obligations owed to the partners individually, and this, of course, would apply to money advanced if it was done as a loan as plaintiff contends. In that connection it is noteworthy to mention that Flora E. West had also made some advances to the partnership, and that these had been repaid with interest.

The defendants rejoin by pointing to a supplement to the dissolution agreement, executed by the parties three days later, on April 2, 1960, which they insist shows that their proportion of the total assets of the partnership, including all monies advanced by plaintiff Rulon West, was intended to be given to them as a gift. It recites that:

"1. The contribution made by Rulon R. West with respect to the 40 per cent interest acquired by Terry R. West *was and is a gift* from Rulon R. West to Terry R. West, and Rulon R. West does agree to file a gift tax return in connection therewith so stating.

"2. Should the motel or the business be sold at a loss wherein the net recoveries are less than the sums due thereon, all loss will be absorbed and paid by Rulon R. West.

"3. The undersigned, Rulon R. West, further certifies that the interest in the El Rancho Enterprises was not only a gift to Terry R. West, but also to Flora West and their interests were acquired by virtue of the gift."

A careful perusal of this latter instrument will show that it does not indicate clearly a donative intent as it must do to make a gift.[1] It simply purports to be an acknowledgment that the interests that Terry R. West and Flora E. West had theretofore acquired were by gift. It is not any more definitive as to what those interests were in relation to partnership "assets to be distributed" in the event of dissolution than were the other documents.

There would be no useful purpose in belaboring in detail the arguments of the respective parties: of the defendants that upon the basis of the documents themselves they are entitled to their agreed percentage in the assets, and that these include all monies advanced by plaintiff Rulon R. West; and his arguments to the contrary.

1. Holman v. Deseret Sav. Bank, 41 Utah 340, 124 P. 765; Christensen v. Ogden State Bank, 75 Utah 478, 286 P. 638.

We deem it not amiss to observe that if the matter were to be determined solely upon the basis of the documents, we would be inclined to the view contended for by the plaintiff as to monies advanced after the initial investment. But it should be abundantly plain that the documents are ambiguous and uncertain. It is therefore necessary to take evidence and make findings of fact as to what the intent of the parties was in executing them.[2] In that connection it is proper to consider the background and circumstances, including the relationship of the parties, the purposes for which the various documents were made, and principles of equity and justice relating thereto.

■ The defendants also advance the proposition that inasmuch as the plaintiff moved for a summary judgment on the ground that there is no disputed issue of material fact, and the motion was denied, he is therefore precluded from contending that there is dispute as to material facts. There is no merit in this contention. It requires but little reflection to see that the mere fact that a party may move for a summary judgment, believing he is entitled to it, does not ipso facto concede that if he is not, the other party is.

■ When a party thinks that his case is so clear that he should have a summary judgment without trial and so moves, the denial of that motion settles that issue and nothing else. That is, that he is not entitled to the summary judgment. Depending on what else he asserts and what is plead in opposition thereto, there may well be issues of fact in dispute which it is necessary to resolve in order to settle the controversy. In such event a trial of such disputed facts is necessary, regardless of who or how many parties have moved for a ruling in their favor as a matter of law.

The summary judgment is vacated and the cause remanded for trial. Costs to plaintiff (appellant). (All emphasis added.)

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.

2. See Continental Bank & Trust Co. v. Stewart, 4 Utah 2d 228, 291 P.2d 890.