460 P.2d 336

**Richard M. BROUGH, Plaintiff and Respondent,**

**v.**

**The BOARD OF EDUCATION OF MILLARD COUNTY SCHOOL DISTRICT, Jack Nelson, Delma Jean Galli and Gerald B. Huff, members of the Board, and Talmage Taylor, Superintendent, Defendants and Appellants.**

**No. 11710.**

Supreme Court of Utah.

Oct. 27, 1969.

Rehearing Denied Jan. 8, 1970.

Thorpe Waddingham, Delta, Cannon, Greene, Nebeker & Horsley, Richard H. Nebeker, Salt Lake City, for appellants.

Walter R. Ellett, Salt Lake City, for respondent.

HARDING, District Judge:

In October, 1967, the plaintiff was, and for several years prior thereto had been, a career teacher at the Millard High School, Fillmore, Utah, under a contract with the Millard County School District. He was also a member of the Utah House of Representatives. He held and expressed strong opinions against the use of Federal Aid to Education programs in the public schools, some of which programs were in use in the Millard County Schools. This caused friction between him and other school personnel at the school where he taught. On October 13, 1967, by order of the Superintendent of the School District, plaintiff was directed to transfer from the Millard High School to the Delta High School in the same district. He refused to accept the transfer. After two meetings with the Board concerning the matter, and his continued refusal to transfer, his services were terminated because of insubordination, by a letter dated October 27, 1967. Three days later he filed suit (Civil No. 5721) against the defendants to restrain them from transferring him from his teaching position at the Millard High School, from terminating his employment, or removing him from the payroll. The court issued a temporary restraining order "during the pendency of this action," which frustrated the will of the defendant Board from the date of its issuance in October until the latter part of the following March, when the Board decided it would be detrimental to the welfare of the school to remove the plaintiff from his classroom at that time and he should be permitted to remain until the end of the school year. The defendants thereupon moved that the preliminary injunction be made "permanent for the term of the plaintiff's present appointment as teacher in the Millard School District" which was for the remainder of the school year.

In the meantime, on February 16, 1968, the Board had notified plaintiff that "because of the difficulties encountered" he would not be offered a contract for the coming school year. He was tendered a hearing by the Board regarding the situation. He did not avail himself thereof but instead filed the present action, Civil No. 5752.

He performed no services for the Millard County School District during the 1968–1969 school year.

After the defendants had answered, motions for summary judgment were filed by both sides. The court awarded judgment to the plaintiff, requiring the defendant Board to reinstate plaintiff as a career teacher in the Millard High School, and to pay him what his salary would have been for the 1968–69 school year.

From this judgment and decree the defendants appeal.

Regulations concerning teacher tenure and the manner of his discharge are left to the boards of education by virtue of Section 53–6–20, U.C.A.1953, as amended, which states in part:

Every board of education * * * may do all things needful for the maintenance, prosperity and success of the schools, and the promotion of education; and may adopt by-laws and rules for its own procedure, and make and enforce all needful rules and regulations for the control and management of the public schools of the district.

·Pursuant to this statutory authority, the defendant Board adopted rules and regulations, of which the following are pertinent to this case:

Section 11-A

10. He (the Superintendent) shall assign all teachers to their schools, and make such changes in position as appear to be in the best interest of the schools. As far as possible, grade assignments will be made at the time contracts are issued. He may change teachers from one school to another or from one grade to another as may seem advisable.

Section 111-C

3. After a qualifying teacher completes three consecutive years of successful teaching experience in the Millard School District, he becomes eligible for employment as a "career teacher." The person employed as a career teacher has the option of renewing his contract of employment for the succeeding year, or years, in keeping with the policies of the school district. The career teacher's contract for employment for a current year may be terminated for cause, but only in the manner hereinafter provided for in these policies.

7. The teacher agrees to perform faithfully the duties assigned to him to the best of his ability under the control, direction, and guidance of the Superintendent, and to be subject to the rules and regulations defined in this handbook, and to meet all appointments and attend such meetings as may be arranged by the Superintendent of Schools.

8. A teacher may be discharged at any time for immorality, insubordination, or mental or physical incapacity, provided he shall not be discharged during the term of his appointment without a thorough investigation and a hearing at which he shall be given an opportunity to be heard. * * *

Section 111-D

4. Transfers may be made at the request of the employees or upon the initiative of the Superintendent or other administrative officer for reasons which, in the judgment of the Superintendent, shall serve the best interest of the em-

ployee and/or the schools. All requests for transfer shall be made in writing.

6. When a transfer is advisable, the employee shall be given the right and courtesy of an interview in which the reason for the said transfer shall be explained and discussed.

The plaintiff cites other regulations concerning dismissal for incompetency, but we consider them inapplicable to this fact situation.

It is evident from the foregoing statutory authority and the rules and regulations of the defendant Board, all of which are a part of the plaintiff's teaching contract, that he was obliged to accept a transfer when reasonably requested to do so, and that he would be guilty of insubordination upon refusal. His contract was properly terminated for such refusal.[1] Despite the termination, he was kept in his teaching position and on the payroll until March 25, 1968, by a court order, to which defendants yielded obedience. However, the defendants at no time rescinded the termina-tion order. In March, 1968, they expressly assented to his remaining to the end of the school year, but that was the extent of such acquiescence. At such time notice had already been given him that his contract would not be (and still has not been) renewed. His complaint asserts no allegation of defective notice or lack of specification of reasons for refusal to renew his contract, or failure to accord him a hearing thereon.

There being no genuine issue of material fact, defendants' motion for summary judgment should be granted.

We, therefore, remand this case to the trial court with directions to set aside the summary judgment granted to the plaintiff and to enter a summary judgment in favor of the defendants on all issues presented. Costs are awarded to defendants.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., having disqualified himself, does not participate herein.

1. For an able exposition of the issue here involved see Board of Education of City of Los Angeles v. Swan, 41 Cal.2d 546, 261 P.2d 261.