Dean STRINGHAM, Plaintiff and Appellant,

v.

JORDAN SCHOOL DISTRICT, Defendant and Respondent.

No. 15356.

Supreme Court of Utah.

Dec. 8, 1978.

---

Richard C. Dibblee of Roberts, Black & Dibblee, Salt Lake City, for plaintiff and appellant.

Dan S. Bushnell and David A. Westerby, Ned Warnock, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

This is an appeal from a "no cause of action" judgment in an action brought by Plaintiff Stringham, a coach-teacher at Brighton High, Jordan School District, who was not employed by the district as such for the 1975–1976 school year (September–June).

The bases for his termination,—or refusal to re-employ—allegedly were because he (1) had resigned and (2) he did not have "expectation of continued employment."

At the end of the case, the trial court gave a jury a form verdict as follows:

We, the jury in the above-entitled action make the following finding:

1. Did the plaintiff, Dean Stringham, resign as a teacher in the Jordan School District;

A. Yes_____, No_____, or no preponderance *either* way X.

*INSTRUCTION*: If the answer to question No. 1 is "Yes", you need not answer any further question.

If the answer is "No" or "No preponderance either way" answer question No. 2.

2. Did the Plaintiff have a reasonable expectation of having his contract renewed?

A. Yes_____, NoX, or no preponderance either way_____.

[Emphasis added.]

The plaintiff claims error as follows:

I. Refusal by the court to adjudge in his favor in accordance with the jury's failure to find either way as to whether Stringham had *resigned*; and

II. Presenting the question of "reasonable expectation of continued employment" to the jury was not a fact, but a law question.

Answering II first, the record indicates that plaintiff did not object to the court's action, but raised the matter for the first time on appeal, *defendant* had offered the following instruction:

You are instructed that under the law in the State of Utah that the plaintiff, Dean Stringham, has the burden of proof to establish by a preponderance of the evidence that he had under the policies and procedures of the Jordan School District a reasonable expectancy of employment. If you find that a teacher under all of the facts and circumstances of this case did not have a reasonable expectancy of receiving a new contract for the next year, you should return a verdict in favor of

the defendant and against the plaintiff, no cause of action . . .

to which plaintiff strenuously objected, and which defendant withdrew because of such objection. Plaintiff offered no different proposed instruction, and now complains that the court did not give a substitute explanatory instruction; this, after the court invited the parties to propose any changes they desired. Consequently the plaintiff at this time cannot complain that the matter should not have been put to the jury at all. There is no exception noted in the record as to the form and substance of the question presented to the jury, which failure, under the rules of review prevents treatment of the issue here.

■ The only issue in this case, therefore, is No. I, supra:[1] Did Stringham resign as a teacher in the Jordan School District? The plaintiff says that it was the *defendant's* burden to prove that Stringham *did* resign and the jury's verdict found that Stringham had *not* sustained that burden, citing *Pratt v. Uintah School District*, 564 P.2d 294 (Utah 1977). The *Pratt* case was one where the jury *affirmatively* found that the teacher *did not resign*. In the instant case the jury found that there was no preponderance of the evidence that he *did* resign,—not from the Jordan School District, but "from Brighton High,"—and the jury was impaled on the horns of a dilemma as to which to choose. Had the question been put to the jury: Did the plaintiff resign as a teacher at Brighton High or the Jordan School District, a definitive and affirmative answer could have been given by the jury that he *did* resign from one or the other. In *Pratt* there was an affirmative answer as to only one school facility, and there was nothing to indicate that there was any question as to one or another of two facilities from which he might have resigned. Hence the jury here was given no choice,—a circumstance that left no alternative but to accept the sworn testimony of Stringham that he "re-

signed from Brighton High." It was not his prerogative to say he would resign from Brighton High, then claim continued employment rights elsewhere in the Jordan School District.

This is made abundantly clear in this Court's decision in *Brown v. Bd. of Education*, 560 P.2d 1129 (Utah 1977), where a coach-teacher resigned his coaching job but not his teaching job, and was terminated, which termination was affirmed. The jury in that case *affirmatively* found it was a resignation only of his *coaching* duties and this Court responded by saying:

> In this case the jury resolved the factual dispute as to effect of plaintiff's letter of January 8, 1974, by finding it a resignation from coaching duties only. However, the effect of such a resignation is for the court to decide after a determination has been made on the question of divisibility.

and having said this, the decision approved language of the trial court and its own as follows:

> In the District Court a judgment was entered in favor of defendant wherein the trial court found '. . . as a matter of law the employment contract between plaintiff and defendant was *divisible only upon the mutual consent of the parties* and the defendant not having consented thereto, the plaintiff's resignation from one part of the contract was a resignation from all of the contract . . .' The effect of the decision is that the plaintiff was not terminated by defendant, but resigned of his own choosing and, therefore, the Utah Orderly School Termination Procedures Act was found not to apply to this case. [Emphasis added.]

To the same effect is an earlier unanimous decision of this Court, *Brough v. Bd. of Education*,[2] where a school teacher refused to accept an assignment in another school in the district, claiming, nevertheless,

---

1. The Utah Education Association was permitted to file a brief Amicus Curiae. It included therein points which appear to be Points on Appeal on issues not urged by the plaintiff-appellant, which are not reviewable by the Court under appellate procedure. Such issues will not be canvassed.

2. 23 Utah 2d 174, 460 P.2d 336 (1969 Utah).

that he was entitled to employment under the contract.

Plaintiff in his own brief, concedes that if Stringham were found to have resigned, he would have breached his contract and would not be entitled to employ the Orderly School Termination Procedures Act[3] to claim entitlement for continued employment. The fact is that he admitted he resigned from "Brighton High" and the cases above clearly indicate that by doing so he cannot thereby choose or force the district to assign employment at any other high school.

The facts leading up to plaintiff's resignation, briefly are as follows: In September, 1973, plaintiff asked Mr. Beere, Brighton High's principal, if he could leave school early to go to a football game and when permission was denied, he went anyway. On being confronted, he admitted misuse of school time before, and he was advised that any future infractions would result in job termination. He admitted previous promises to refrain from being absent had been broken, and promised it would not happen in the future. In the 1974–75 year, the past defiances were repeated, specifically in the fall of 1974, when he had absented himself at a time when two important school patrons sought him out, he admitted it and said he was sorry and asked for and was granted another chance. Nonetheless Stringham thereafter was absent, asked for another chance and was again granted leniency. Thereafter, in February, 1975, he repeated, was confronted, and the principal said his hands were tied. This was followed by the principal's recommendation with respect to Stringham's termination and replacement. In April, 1975, Stringham walked into the principal's (Beere) office, handed him a paper dated April 9th which was a form "Letter of Intent," signed by Stringham on which an "X" was placed opposite a printed statement that said "I will not be returning." Later, at the trial, on cross-examination, he testified, when questioned about his resignation, that it was a resignation from Brighton High, but not the district. He admitted he had not asked, on the form, for a transfer in schools, and he admitted he would not return to Brighton. He also turned down an offer to teach at Tooele High, where he had been employed years before as a coach.

The plaintiff stresses his contention that the defendant School District had the burden of proving the resignation but did not sustain such burden as reflected in the special verdict, which plaintiff urges was a "finding" of no resignation. Such contention is based on the principle that one *claiming* a defense, must prove it. This contention ignores the fact that *Stringham* also "claimed" he resigned,[4] which therefore *was* proven by his own admission, and the only question is: "Resigned from what facility,—Brighton or the District." The trial judge certainly could not ignore the fact of "resignation" and this being the case, his only alternative was to apply the law in *Brown* and *Brough*, supra, which say a contract identical to the one involved here is not divisible, and that Stringham has no legal or any other right to select a course of conduct thereunder reserved to the other party to the contract, or at least created a problem that could only be resolved by *mutual* consent.

The judgment is affirmed, with no costs on appeal awarded.

ELLETT, C. J., and WILKINS, CROCK-ETT and HALL, JJ., concur.

---

3. Sec. 53–51–1, Utah Code Annotated 1953 (1977 Supp.).

4. Being the claimant,—under plaintiff's theory, —Stringham *then* had the burden of proving no resignation.