LeMar S. WINEGAR and LeGrand Winegar, Plaintiffs and Appellants,

v.

SMITH INVESTMENT COMPANY, a Utah Corporation, Defendant and Respondent.

No. 15504.

Supreme Court of Utah.

Jan. 26, 1979.

---

Earl S. Spafford of Spafford & Nixon, Salt Lake City, for plaintiffs and appellants.

Harry D. Pugsley of Watkiss & Campbell, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiffs appeal from a judgment of no cause of action on their Complaint to seek reformation of a lease and to seek damages for wrongful failure of defendant to consent to assignment of the lease.

On November 20, 1966, Defendant Smith Investment Company leased to Virgil and Thelma Fox a parcel of its property for the purpose of constructing a carwash. The lease term, commencing on February 15, 1967, was for a period of five years and provided for a renewal term of five years. The Foxes constructed and operated the carwash for almost two years and then assigned the lease to William and Elithe Doxey. The Doxeys also acquired the carwash business, improvements and facilities from the Foxes.

On January 9, 1969, the date of the assignment from the Foxes to the Doxeys, at the Doxeys' request, defendant executed an amendment to the lease modifying paragraphs 2 and 3 of the lease. A Mr. Reed M. Smith, from defendant company, drafted the amendment enlarging the lease term to eight years with notice of the intention to renew to be given three months prior to the expiration of the eight year period. When Misters Doxey and Smith met to execute the amendment, the parties made several interlineations on the amended lease, changing the term to ten years, but they did not change the provision governing the notice to renew. The relevant amended provision, which is at the center of the parties' dispute, is quoted below. The word enclosed in brackets is the portion of the agreement which was cancelled out by the parties to insert the word "ten."

2. *TERM.* The term of this lease shall be for a period of ten [eight] years commencing on the 15th day of February, 1967, as hereinafter provided, with a right of renewal for an additional five years upon condition that notice of intention to renew is given by the Lessees to the Lessor at least three months prior to the expiration of *said eight-year* period, and upon the further condition that the rent for the renewal period shall be $200 per month. [Emphasis added.]

It is pertinent to note that there is no eight year period in the lease to which the renewal provision can refer.

Doxeys assigned their interest in the lease and sold the carwash equipment and business to the Winegars, plaintiffs herein, on August 23, 1972. The assignment provided that "WINEGAR agreed to be bound by the terms, conditions, provisions and rentals as contained in the above-stated documents," which referred to the lease. Defendant consented to the assignment.

In March of 1976, plaintiffs began negotiating with a Mr. Jensen for the assignment of their lease and sale of the carwash business. In response to a letter notifying Mr. Smith of plaintiffs' intention to sell the

business, Mr. Smith replied that his company would not withhold consent to assignment of the lease provided that plaintiffs first complete some repair and maintenance work and also provide him with the proposed buyer's financial statement. Winegars immediately completed the repairs, although at trial they admitted that some of the repairs were routine maintenance and others were "extras." They also forwarded to defendant Mr. Jensen's financial statement.

In April, Mr. Jensen entered into a Uniform Real Estate Contract with plaintiffs to purchase the carwash, and in July of 1976 he in turn listed the carwash for sale. When Mr. Smith became aware of the second listing, he wrote to plaintiffs asserting that the requested repairs had not been made, that he had not received a yearly recapitulation of sales activity from plaintiffs, as required under the lease, and that he would not consider assignment of the lease to Mr. Jensen at that time. Plaintiffs then refunded Mr. Jensen's down payment.

On August 20, 1976, plaintiffs, through their attorney, gave notice of their intention to renew the lease for the additional five year term. Defendant did not respond and this action was filed on September 17, 1976. After taking parol evidence concerning the parties' intentions surrounding the renewal term of the lease, the District Court of Salt Lake County rendered judgment of no cause of action on plaintiffs' Complaint, ruling that the phrase "said eight year term" was not ambiguous.

Plaintiffs now appeal asserting that the District Court erred in ruling that the lease amendment was not ambiguous, that the defendant was entitled to withhold its consent to the assignment to Mr. Jensen, and that plaintiffs are not entitled to recover damages for defendant's wrongful acts.

■ Whether or not the lease amendment is ambiguous is a question of law, not of fact.[1] It is an issue that the District Court must decide *before* it receives parol evidence to determine such issues as the intent of the parties and the construction of the documents. In short, the District Court must determine whether an ambiguity exists before it clarifies it.[2] In this case, the District Court heard testimony from several witnesses interpreting the phrase "said eight year period" and describing their thoughts, intents and understandings during the negotiations, amendment and execution of the amended lease. Upon this parol evidence, the District Court then ruled the phrase "said eight year period" to be unambiguous.

■ An ambiguity generally arises when the meaning or application of words in a document is doubtful and uncertain.[3] Here, notice to renew must be given "at least three months prior to the expiration of *said* eight year period." (Emphasis added.) Since no eight year period remains anywhere in the lease, the qualifying word "said" makes no logical reference to any time period in the lease. The phrase is ambiguous on its face and we hold that it is ambiguous as a matter of law. The District Court allowed extraneous evidence in order to determine the intent of the parties,[4] which it should have. However, the failure to ascertain therefrom this intent was error.

We do not discuss plaintiffs' other contentions of error as our determination, *ante*, renders their disposition unnecessary. The case is remanded to the District Court for further proceedings not inconsistent with this opinion.

CROCKETT, C. J., and MAUGHAN and HALL, JJ., concur.

STEWART, J., does not participate herein.

**1.** *Mobile Acres, Inc. v. Kurata*, 211 Kan. 833, 839, 508 P.2d 889, 895 (1973); 30 Am.Jur.2d, *Evidence* § 1069.

**2.** *See Mathis v. Madsen*, 1 Utah 2d 46, 52, 261 P.2d 952, 956 (1953).

**3.** See authorities in footnote 1, *supra*.

**4.** *University Club v. Invesco Holding Corp.*, 29 Utah 2d 1, 4, 504 P.2d 29, 31 (1972), and cases cited therein. *Mobile Acres v. Kurata, supra*.