Edward O'HARA, Plaintiff and
Respondent,

v.

Jay A. HALL, Jr., Defendant
and Appellant.

No. 16820.

Supreme Court of Utah.

April 21, 1981.

Dexter L. Anderson, Fillmore, for defendant and appellant.

Eldon Eliason, Delta, for plaintiff and respondent.

MAUGHAN, Chief Justice:

This case comes before us on appeal from a judgment of the Fifth Judicial District Court for Millard County. Defendant challenges the finding of the Court that a written agreement between him and plaintiff constituted a valid and enforceable contract as a matter of law. He also challenges the resulting jury verdict as to damages alone. He claims that the trial judge denied him the right to a jury trial by deciding the basic question as to the existence of a binding contract as a matter of law, when he should have submitted that question to the jury, because there was conflicting extrinsic evidence regarding that issue. In the alternative, defendant asserts that the contract should have been nullified by the Court because of indefiniteness.

We reverse, and remand for a new trial.

The facts of this case are indeed in dispute. Plaintiff alleged that he and defendant, a carpenter, entered a valid, written construction contract[1] on August 15, 1977, by which defendant promised to build an addition to plaintiff's house for the sum of $24,200. He further alleged that defendant breached said contract by completing the work in a defective and unworkmanlike manner, causing plaintiff substantial damages. Defendant, on the other hand, denied that the written contract was ever intended to be a binding agreement between the parties, but was merely an estimate to be submitted by plaintiff to his bank to obtain a loan. Defendant pointed to the lack of details in the alleged contract to support his view. He instead claimed that he and plaintiff entered an employment contract for hourly wages, similarly to a prior arrangement between the parties.

At trial, the judge listened to extensive conflicting testimony by both parties and then ruled as a matter of law that the parties had entered a binding construction contract. He consequently left to the jury only the issue of damages to decide. The jury returned a special verdict for plaintiff, awarding damages of $10,237.56.

This case is properly before us in conformity with Rule 72, Utah Rules of Civil Procedure, which permits appellate review of cases at law only on questions of law. Here there is one basic question of law presented for review. Did the trial judge err in ruling that a valid and binding contract existed as a matter of law?

As a general rule, the construction and interpretation of a contract is a question of law to be decided by the judge.[2] In

---

1. The alleged contract is set out as follows:

"I, Jay Hall, propose to furnish all materials and perform all labor necessary to complete the following:

"An addition to the old house (12' × 30') comprising family room, kitchen, and fruit room. Reshingle old roof. Install thermal pane windows in all house. Remodel bathroom in old house. Lower ceiling in living room, and install radiant heat. Remodel upstairs. Remove old porch. Remodel stairs. Install sever-

al doors in old house. (not including siding and cabinets).

"All of the above work to be completed in a substantial and workmanlike manner according to standard practice for the sum of . . . . . $24,-200."

2. *Provo City Corp. v. Nielson Scott Co.*, Utah, 603 P.2d 803 (1979); *Brown v. Board of Education of the Morgan County School District*, Utah, 560 P.2d 1129 (1977); cf. Williston on Contracts, Sec. 601.

dealing with it, we need not accord the lower court's finding the same deference which we would accord findings of fact.[3] But, defendant contends that the matter of whether the parties intended their agreement to be a binding construction contract was a question of fact to be decided by the jury. We agree.

Plaintiff alleged that the writing was intended to be a binding construction contract. Defendant, on the other hand, asserted that its sole purpose was to help plaintiff obtain a bank loan, and that the parties instead entered an oral employment contract for hourly wages. Despite this conflicting evidence, the trial judge ruled as a matter of law that the parties intended the writing to bind them. In this he erred.

It is the rule "that where the existence of a contract is the point in issue and the evidence is conflicting or admits of more than one inference, it is for the jury to determine whether the contract did in fact exist."[4] In *Thornton v. Pasch*,[5] this court held that whether a party accepted an offer so as to form a binding contract was for the jury to decide. And in *Brown v. Board of Education of Morgan County School District*,[6] we held that "while it is for the court to interpret and assess the meaning of a contract, issues of fact are properly submitted to a jury."

Whether the parties intended to enter a binding contract is such an issue of fact. The Supreme Court of Wisconsin formulated it thus: "There is no meeting of the minds where the parties do not intend to contract and the question of intent generally is one to be determined by the trier of fact." *Household Utilities v. The Andreiss Co.*[7]

Here there is substantial evidence that the parties did not intend the writing to bind them as a construction contract. The issue of intent was one of fact and should have been submitted to the jury for resolution. We, therefore, reverse and remand for a new trial, in accordance with this opinion.

Defendant also asks us to determine, as a matter of law, that the writing here was too indefinite to be enforced as a contract. Because of the result we have reached we need not meet this issue.

HALL and OAKS, JJ., concur.

STEWART, J., concurs in the result.

HOWE, Justice (concurring and dissenting):

I concur, but believe that we should also decide the other question raised by the defendant, i. e., whether the writing here was too indefinite to be enforced as a contract. Since this question may emerge again upon remand for a new trial, this Court should observe its long-standing practice of deciding questions which may again arise. Deciding the question now may well save the parties another appeal.

**3.** Supra note 2, at 805.

**4.** *Pre-Fit Doors v. Dor-Ways*, 13 Ariz.App. 438, 477 P.2d 557 (1970); see also *Field v. Golden Triangle Broadcasting*, 451 Pa. 410, 305 A.2d 689 (1973); *Hays v. Underwood*, 196 Kan. 265, 411 P.2d 717 (1966); *Ferreira v. Honolulu Star-Bulletin*, 44 Hawaii 567, 356 P.2d 651 (1960); *Megarry Brothers v. United States* (8th Cir. 1968), 404 F.2d 479.

**5.** 104 Utah 313, 139 P.2d 1002 (1943).

**6.** Utah, 560 P.2d 1129 (1977).

**7.** 71 Wis.2d 17, 236 N.W.2d 663 (1976); cf. *Interocean Shipping Company v. National Shipping and Trading Corporation* (2nd Cir. 1975), 523 F.2d 527.