**AMJACS INTERWEST, INC.,**
**Plaintiff and Appellant,**

v.

**DESIGN ASSOCIATES, a partnership, Unico, Inc., a corporation, Carl Smith, Gerald Granquist, Richard Fletcher, and Gordon Steed, Defendants and Respondents.**

No. 17196.

Supreme Court of Utah.

July 23, 1981.

---

Alan L. Sullivan, Ann L. Wassermann, Salt Lake City, for plaintiff and appellant.

Erik M. Ward, Roger S. Dutson, Ogden, for defendants and respondents.

STEWART, Justice:

This is an appeal by plaintiff Amjacs Interwest, Inc. from a summary judgment entered against it and in favor of defendant Carl Smith.

Amjacs brought this action seeking to recover for goods and services provided on an open account to Design Associates, a Utah partnership, not a party to this appeal. Judgment by default was obtained against Design Associates and two of its partners who, likewise, are not parties to this appeal. One of the partners in Design Associates was Unico, Inc., which is a corporation solely owned by defendant Carl Smith, respondent on this appeal.

Plaintiff filed a motion for summary judgment against Unico and Smith to establish that both Unico and Smith were partners in Design Associates, and thus individually liable for the partnership debts. Smith filed a cross-motion for summary judgment, seeking dismissal of the action as to him on the ground that he was not a partner in Design Associates. The district court granted plaintiff's motion as against Unico, denied the motion as to Smith, and granted Smith's motion and dismissed the complaint as to him.

Plaintiff raises two points on appeal. The first is that the district court erred in granting Smith's motion for summary judgment because there exist significant material issues of fact with regard to Smith's participation in Design Associates. Second, plaintiff maintains that it is entitled to an evidentiary hearing with respect to its claim that Unico, Inc. is the alter-ego of Carl Smith, and hence the corporate entity should be disregarded.

■ Rule 56(c), Utah Rules of Civil Procedure, provides that summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material issue of fact and that the moving party is entitled to judgment as a matter of law, e. g., *Jensen v. Mountain States Telephone & Telegraph Company*, Utah, 611 P.2d 363 (1980); *Livingston Industries, Inc. v. Walker Bank & Trust Co.*, Utah, 565 P.2d 1117 (1977). The purpose of summary judgment is to eliminate the time, trouble, and expense of trial when it is clear as a matter of law that the party ruled against is not entitled to prevail. *Holbrook Co. v. Adams*, Utah, 542 P.2d 191 (1975).

Here the district court determined that Smith could not have been a partner in Design Associates as a matter of law. Plaintiff maintains that there are material issues of fact precluding such a determination. Plaintiff specifically points to the agreement creating the partnership as being at best ambiguous as to the status of Smith with respect to the partnership.

As an initial consideration, we note that the filing of cross-motions for summary judgment does not mean that this case may be finally disposed of as a matter of law. Cross-motions for summary judgment do not *ipso facto* dissipate factual issues, even though both parties contend for the purposes of their motions that they are entitled to prevail because there are no material issues of fact. Professor Moore in his treatise on Federal Practice states:

> The well-settled rule is that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed.
>
> Good sense and sound theory, if these be distinguishable, combine to produce the rule. Good sense, because neither a single motion nor multiple motions can dissipate factual disputes. Sound theory, for at least three reasons: (1) because a party entitled to summary judgment must bear the burden of establishing the indisputability of the facts which warrant judgment in his favor; (2) while the facts, which would justify judgment for one party on a particular legal theory, may be indisputable, the facts, which would justify judgment for the adverse party on a different legal theory, may be disputed; and (3) a party may make concessions for the purpose of his motion that do not carry over and support the motion of his adversary. [Footnotes omitted.] [6 Moore's Federal Practice ¶ 56.13 at 341 to 344 (2nd ed. 1976).]

Here the record reveals disputed issues of material fact which make dismissal of plaintiff's complaint as to Smith on summary judgment inappropriate. The agreement initially lists Unico and not Smith as one of the partners in the concern. However, the agreement contains numerous references to Smith in his individual capacity and in some instances seems to treat Smith individually as a partner.[1] Such ambiguity in a written instrument in and of itself may make summary judgment inappropriate. *West v. West*, 15 Utah 2d 87, 387 P.2d 686 (1963).

Plaintiff's second point on appeal is that it is entitled to an evidentiary hearing with respect to its claim that Unico is the alter-ego of Smith. The district court made no mention of plaintiff's alter-ego claim in its order of dismissal, but it is clear that issues of fact are raised by the claim.

Reversed and remanded. Costs to Plaintiff (Appellant).

HALL, C. J., and HOWE and OAKS, JJ., concur.

MAUGHAN, J., heard the arguments but died before the opinion was filed.

---

1. We note that the partnership agreement contemplates division of partnership profits among Smith individually and the other three parties. Section 48–1–4(4), Utah Code Ann. (1953), as amended, states in part:

The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if profits were received in payment . . . .