**Jerry HIBDON dba You Look Sharp Clothing, Plaintiff and Appellant,**

v.

**TRUCK INSURANCE EXCHANGE, Defendant and Respondent.**

**No. 17948.**

Supreme Court of Utah.

Jan. 24, 1983.

Stanley S. Adams, Salt Lake City, for plaintiff and appellant.

Frank A. Roybal, Bountiful, for defendant and respondent.

HOWE, Justice:

Plaintiff seeks the reversal of a summary judgment which dismissed a suit that he had filed against defendant to recover losses suffered when his clothing business was damaged by fire.

Plaintiff had been insured by a policy which provided coverage for fire damage but he had allowed the policy to expire. A provision of limitation in the expired contract stated:

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

Two days before the fire, plaintiff was issued an insurance binder from the defendant which also provided coverage in case of fire. The binder bore a "policy number" which was the same number as the expired policy and provided: "The insurance indicated has been applied for and is bound for 60 days from the effective date pending issuance of a policy to you. Please accept this form as a binder."

The trial court awarded the defendant summary judgment concluding that the legal effect of the binder was to reinstate the old policy and that under the terms of that policy plaintiff had to bring his action within 12 months after the inception of the loss which he had failed to do.

The plaintiff's main contention is that the trial court erred in making him subject to the provisions of the policy which had expired because the binder was intended to bind coverage under a new policy which defendant failed to issue him. Thus, the plaintiff's argument continues, the one-year limitation in the expired policy does not apply but instead U.C.A., 1953, § 78–12–23 applies which provides for a six-year statute of limitations on actions brought upon instruments in writing.

We have examined the binder issued to the plaintiff and find that it is not ambiguous in its terms, even though we recognize that an ambiguity would permit parol evidence to be admitted as to the intentions of the parties in using the language which they employed. *Winegar v. Smith Invest-*

ment Co., Utah, 590 P.2d 348 (1979). Insofar as this rule relates to insurance contracts, see *Busto v. Manufacturers Life Insurance Co.*, 276 Or. 707, 556 P.2d 96 (1976) where an insurance policy was ambiguous as to whether it provided for the payment of 2,000 cuban pesos or $2,000 worth of cuban pesos. See also *Iowa-Des Moines National Bank v. Insurance Company of North America*, 459 F.2d 650 (C.C.A. 8th Cir.1972) where the trial court properly submitted an issue of fact to the jury to aid in the interpretation of an insurance policy provision which was confusing and admitted of two constructions.

It is true that the binder stated in the first sentence of its provisions that coverage was "bound for 60 days from the effective date pending issuance of a policy to you." Standing by itself that language would admit of the construction urged for by the plaintiff, namely, that it was the intention of the parties to write and issue a new policy unrelated to the former policy which had expired. However, that language is modified by other provisions in the binder, one of which is a blank for "Renewal date of policy if issued." In that blank the agent issuing the binder had written the word "continuous." Also in the binder was a blank for a "policy number." In that blank was filled the number of the old policy. It is thus clear to us from an examination of the entire binder that its only reasonable construction is that the parties intended to renew the expired policy. Otherwise, the reference to the policy number and the provision regarding renewal date would be meaningless and would have to be disregarded. We find no ambiguity in the language of the binder and therefore affirm the conclusion of the trial court that the plaintiff was bound by the one-year limitation contained in the policy. The binder appears to be a form which was employed by the defendant both when writing coverage for the first time and when renewing an existing policy. The form was adaptable to either situation.

Plaintiff cites and relies on the case of *Hoeppner v. Utah Farm Bureau Insurance Co.*, Utah, 595 P.2d 863 (1979). That case is distinguishable since there the insured was relieved from a one-year limitation because he had never seen the policy or its provisions, had engaged in a possible negotiated settlement with the carrier's agents and was furnished a copy of the policy by the insurer after the limitations time had passed. We stated that it would be inequitable to permit the insurer to enforce the contract limitations of the policy under those circumstances. That situation does not exist here. Plaintiff always had in his possession a copy of the policy; and, the defendant, through its attorney, rejected the plaintiff's proof of loss on March 14, 1979, leaving the plaintiff about 60 days to file his lawsuit before the end of the one-year limitation. The validity of provisions shortening the time within which actions may be brought under an insurance policy was upheld by this Court in *Anderson v. Beneficial Fire and Casualty Co.*, 21 Utah 2d 173, 442 P.2d 933 (1968).

The judgment is affirmed. Costs awarded to respondent.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.