Charles D. MORRIS dba Chuck's Enterprises, Plaintiff and Appellant,

v.

MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Defendant and Respondent.

No. 18266.

Supreme Court of Utah.

Feb. 7, 1983.

Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

Floyd A. Jensen, Salt Lake City, for defendant and respondent.

OAKS, Justice:

This is an action by a customer against the Telephone Company for $40,000 lost profits (plus punitive damages) for omitting a commercial listing from the yellow pages.

In 1975, plaintiff signed a contract with the Telephone Company that expanded his standard business listing by three lines, which plaintiff used to describe his business and the brand names he carried. The contract contained this provision:

> In case of error in the advertisement as published, *or in case of the omission of all or any part of the advertisement from publication,* the Telephone Company's liability, if any, shall be limited to a pro rata abatement of the charge paid to the Telephone Company for such advertisement .... [Emphasis added.]

Because the contract provided that it would be renewed automatically, plaintiff's listing was continued in the yellow pages from year to year until the Telephone Company erroneously omitted the entire listing in its July, 1980 directory.

Relying on the contractual limitation of liability quoted above, the district court granted partial summary judgment for the Telephone Company, limiting its liability to zero for the extra three lines (for which the Telephone Company had not charged the $68.40 annual contract amount) and to $344 for the amount plaintiff had paid for the standard business listing. The Telephone Company thereupon offered to allow judgment against it in the amount of $344 (Utah R.Civ.P. 68(b)), and plaintiff took this appeal from the summary judgment. We affirm.

Plaintiff argues that other contract language, which provides that all of the contract terms "shall remain applicable" to the items of advertising "so long as said items appear in any such issues," means that the contract (including its limitation provision) was inapplicable where the items of advertising were omitted. At the very least, he argues, the quoted provision makes the contract ambiguous, and, quoting from *Weaver v. Blue Cross-Blue Shield,* Wyo., 609 P.2d 984, 989 (1980), "where there is any doubt about the meaning of a written instrument, there arises an issue of fact to be litigated and summary judgment is inappropriate." But on that point, the *Weaver* case does not express the law of this state.

■ The interpretation of a contract is a question of law, to be decided by the judge. *O'Hara v. Hall,* Utah, 628 P.2d 1289, 1290–91 (1981); *Mason v. Commercial Union Assurance Companies,* Utah, 626 P.2d 428 (1981); *Provo City Corp. v. Nielson Scott Co.,* Utah, 603 P.2d 803, 805 (1979). It is true that some opinions seem to qualify that rule by implying that it is limited to circumstances where there is no ambiguity or no "room for uncertainty." *E.g., Mason, supra,* 626 P.2d at 430. And some decisions have reversed summary judgments where the contract was ambiguous and remanded for taking evidence and making findings on the intent of the parties. *E.g., West v. West,* 15 Utah 2d 87, 91, 387 P.2d 686, 689 (1963).

■ However, our decisions hold that whether a contract is ambiguous is a question of law which the court must decide before it takes any evidence in clarification. *Hibdon v. Truck Insurance Exchange,* 657 P.2d 1358 (1983); *Winegar v. Smith Investment Co.,* Utah, 590 P.2d 348, 350 (1979). More importantly, our more recent cases hold that even the resolution of contract ambiguities is a question of law for the court. *Overson v. United States Fidelity & Guaranty Co.,* Utah, 587 P.2d 149, 151 (1978); *Petty v. Gindy Manufacturing Corp.,*

17 Utah 2d 32, 36–37, 404 P.2d 30, 33 (1965). Of course, the process of resolving ambiguities will sometimes require the consideration of evidence, and conflicts in evidence will need to be resolved by the trier of fact. Thus, in *Universal Investment Co. v. Carpets, Inc.*, 16 Utah 2d 336, 338–39, 400 P.2d 564, 566 (1965), we held that where it appeared that contract terms had "a particularized application or meaning . . . it was proper for the trial court to regard this dispute as an issue of fact and to allow extraneous evidence by experts in this field as to the generally understood and accepted meaning of that language as used in the transaction in question." Similarly, issues of fact make summary judgment inappropriate where the question is whether the parties intended the writing to be a binding contract, *O'Hara v. Hall, supra,* and whether a particular person was a party to the contract. *Amjacs Interwest, Inc. v. Design Associates,* Utah, 635 P.2d 53 (1981). But the *meaning* of a contract remains a question of law, to be resolved by the court. When the existence of a contract and the identity of its parties are not in issue and when the contract provisions are clear and complete, the meaning of the contract can appropriately be resolved by the court on summary judgment. *E.g., Hibdon v. Truck Insurance Exchange, supra.*

In this case, the contract provision that limits the Telephone Company's liability "in case of the omission of all or any part" of an advertisement is clear. It is not rendered ambiguous by the other provision declaring the contract applicable "so long as" the items appear in the directory. That provision leaves open the question of the ˒ effect of an omission, but the specific treatment of that question in the other provision resolves it.

Our decision to affirm a summary judgment giving effect to the Telephone Company's limitation of liability for directory errors or omissions is supported by a score of cases from other jurisdictions, including the following whose reasoning is most compelling: *Mendel v. Mountain States Tele-*

phone *& Telegraph Co.,* 117 Ariz. 491, 573 P.2d 891 (1977); *Wille v. Southwestern Bell Telephone Co.,* 219 Kan. 755, 549 P.2d 903 (1976); *Federal Building Service v. Mountain States Telephone & Telegraph Co.,* 76 N.M. 524, 417 P.2d 24 (1966); *Gas House, Inc. v. Southern Bell Telephone & Telegraph Co.,* 289 N.C. 175, 221 S.E.2d 499 (1976); *Pilot Industries v. Southern Bell Telephone & Telegraph Co.,* 495 F.Supp. 356 (D.S.C.1979); *Neering v. Southern Bell Telephone & Telegraph Co.,* 169 F.Supp. 133 (S.D.Fla.1958). *See generally,* Annot., 92 A.L.R.2d 917, 935–46 (1963).

The judgment is affirmed. Costs to respondent.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.